No. 39,763

Kaw Paving Company, Inc., a Corporation, *Appellee*, v. International Union of Operating Engineers, Hoisting and Portable, Local No. 101, A. F. of L., et al., *Appellants.*

(290 P. 2d 110)

Opinion filed November 12, 1955.

*Robert S. Fousek,* of Kansas City, Missouri, argued the cause, and *Bernard Borst,* of Lawrence, and *John J. Manning* of Kansas City, Missouri, were with him on the briefs for the appellants.

*Donald Hults,* of Lawrence, and *Philip E. Buzick,* of Topeka, argued the cause, and *Robert L. Webb, Ralph W. Oman, Robert A. McClure,* and *James D. Waugh,* all of Topeka, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to permanently enjoin the defendants from picketing plaintiff's supply base and operating headquarters, two state highway road projects located in Douglas County, and all other like and similar work projects in which plaintiff might engage within the State of Kansas. The appeal is from a decision and order of the district court of Douglas County granting a temporary injunction. However, the sole appellate issue involved is whether the trial court had jurisdiction of the subject matter and power to grant such injunction.

The first twelve paragraphs of the petition filed by the plaintiff at the time of the commencement of the action identify the parties and outline the factual situation on which it bases its right to injunctive relief. They read:

"1. That plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Kansas, having its office and principal place of business at 1st and Topeka Avenue in the City of Topeka, Shawnee County, Kansas.

"2. The International Union of Operating Engineers, Hoisting and Portable, Local No. 101, A. F. of L., is an unincorporated association of individuals operating as a labor union. The defendant Leonard L. Cowee is the president of said labor union and resides in Kansas City, Missouri. The defendants Ralph Barney and C. G. Hamilton are business agents and representatives of said union, the said C. G. Hamilton resides at Kansas City, Missouri, and the said Ralph Barney resides in the State of Kansas. That said defendant labor union maintains an office and place of business at 903 Western Avenue in the City of Topeka, where certain records of said organization are kept and maintained and where the business of said defendant labor union is conducted in charge of some member or representative of said defendant union whose name is not at this time known to the plaintiff. That the plaintiff could not ascertain the true names of the defendants, John Doe and Richard Roe, nor their places of residence, but that said defendants are either members, employees, agents or representatives of the defendant, International Union of Operating Engineers, Hoisting and Portable, Local No. 101, A. F. of L., and are acting on its behalf, and are those several persons now engaged in picketing and other acts herein complained of and sought to be enjoined at the places of plaintiff's present operations in Douglas County, Kansas, as herein described.

"3. The defendants and each of them, except the defendant International Union of Operating Engineers, Hoisting and Portable, Local No. 101, A. F. of L., are members or claim to be members, or are employees, agents or

representatives, or claim to be employees, agents or representatives of said defendant labor union, and are acting on behalf of and as representatives of said defendant labor union. That the membership of said defendant labor union is unknown to the plaintiff, and its agents and representatives are too numerous to set out herein, and many of them are unknown by name to this plaintiff. Plaintiff alleges, however, that all of said defendants are all either members, employees, agents or representatives of said defendant labor union and are actively in unison and in concert in the commission of the acts herein complained of and sought to be enjoined, and the plaintiff therefore joins as a class all of the members, employees, agents and representatives of said defendant labor union in this action which is collective insofar as all of the defendants are united as a class, and also joins said defendants and each and all of them as individuals, it being impractical to attempt to bring before the Court all of said defendants whose names and whereabouts are to this plaintiff unknown.

"4. The plaintiff is presently engaged under a State Highway project in widening and repairing a part of Highway No. 59 south of Lawrence, Kansas, under a contract with the Kansas State Highway Commission, all of which work is of a nature in which the plaintiff normally conducts its business within and under its charter of powers. In connection with said work the plaintiff maintains a supply base and operation headquarters at a point about one mile east and one-half mile south of Stull, Kansas, and said place of operating together with the highway construction work south of Lawrence, Kansas, on Highway 59, are both located in Douglas County, Kansas.

"5. That plaintiff is likewise engaged and will be engaged in like or similar projects at other places within the State of Kansas, and particularly will soon be engaged in a project of widening and improving Highway No. 10 from its junction with Highway No. 59 west of Lawrence, Kansas, to the viaduct at the eastern limits of said City of Lawrence, Douglas County, Kansas.

"6. No labor dispute exists between the plaintiff and its employees nor does any labor dispute exist between the plaintiff and the defendant labor union or any of the other of said defendants.

"7. Plaintiff further alleges that the defendant labor union and its business representatives, officers and agents have not by a majority vote of the plaintiff's employees been authorized to represent the plaintiff's employees, and that a majority of plaintiff's employees engaged and to be engaged in said projects are not members of said defendant labor union, and that said defendant labor union is not the collective bargaining agent or representative of the plaintiff's employees.

"8. Said defendant labor union has caused pickets to be placed at the two present operating locations of the plaintiff in Douglas County, Kansas, hereinabove mentioned, the names of which pickets are not known to this plaintiff, and they are hereby designated as John Doe and Richard Roe and are made defendants herein. Plaintiff further alleges that the defendant labor union has threatened to and intends to place such pickets upon other like work projects of plaintiff within the State of Kansas, and particularly upon the work project of plaintiff soon to be commenced and concerning the widening and improvement of a part of Highway No. 10 in Douglas County, Kansas, hereinbefore more particularly described.

"9. Said defendants and particularly the defendants who are picketing said present operating locations of plaintiff· in Douglas County, Kansas, are annoying, frightening and intimidating the employees of said plaintiff and those who are working upon said project under contract with said plaintiff, and threaten and intend to picket, annoy, frighten and intimidate the employees of plaintiff and those working under contracts with the plaintiff upon other like and similar projects of plaintiff within the State of Kansas, and particularly plaintiff's future project upon a part of Highway No. 10 in Douglas County, Kansas, as hereinbefore described, and this plaintiff alleges that unless said unlawful and unauthorized picketing be restrained and enjoined said defendants will continue ΅to picket said projects and to annoy, frighten and intimidate plaintiff's employees and that there is imminent danger of work stoppages which will result in irreparable loss and damage to the plaintiff, to the State of Kansas, and to the general public by reason of the public character and nature of said projects.

"10. Plaintiff further alleges that the purpose of the defendants and each of them acting jointly, individually and in concert is to compel work stoppages and to compel and cause breaches of contracts between the plaintiff and the State of Kansas, and between the plaintiff and its own employees, and between the plaintiff and those engaged and to be engaged in said projects under contracts with said plaintiff, and further that by reason of the establishment of said picket lines and the unlawful picketing of said work as hereinabove stated said defendants intend to induce and persuade the plaintiff's employees and those engaged in said projects under contracts with the plaintiff to refuse to cross said picket lines, all of which will result in a secondary boycott, and all of which will ultimately result in work stoppages and will deny to plaintiff's employees enjoyment of their legal right to work in violation of Sections 44-803 and 44-809 of the General Statutes of Kansas for 1949.

"11. Plaintiff further alleges that it has approximately 30 of its regular employees engaged upon said present operating locations in Douglas County, Kansas, and that in addition thereto it has a number of truck drivers who are independent contractors who are engaged in supplying essential materials necessary for such work, and that it has or will have like numbers of employees and independent contractors engaged in its other like and similar projects within the State of Kansas, and that, if through the coercion, intimidation and unlawful picketing of said projects said truck drivers and others refuse to cross said picket lines for the purpose of delivering materials upon said jobs, that a complete stoppage of work on said projects will result, all to the irreparable loss and damage to this plaintiff and to the State of Kansas and to the public generally and to the employees of this plaintiff.

"12. Said picketing as hereinbefore described is unlawful and unauthorized and the plaintiff alleges such picketing has been induced and ordered by the defendant labor union for the purpose of coercing and compelling plaintiff's employees to become members of said union in violation of their legal rights, and further to compel and coerce plaintiff to enter into a collective bargaining agreement with said defendant labor union in violation of the rights of the plaintiff and plaintiff's employees who have not chosen or designated said union as their collective bargaining agent or representative. Plaintiff further

alleges that such picketing is therefore unlawful and unauthorized and in violation of the laws of the State of Kansas and should be immediately enjoined." (Emphasis supplied.)

Remaining allegations of the petition, dealing with the injunctive relief sought, and the prayer of such pleading, are of no consequence to the decisive issue involved and hence will not be quoted.

In due time the cause proceeded to a hearing upon the question of the issuance of a temporary injunction. At this hearing the parties being present and represented by counsel, opening statements were made and evidence adduced. At the close of the evidence the defendants moved for a dismissal of the cause and the setting aside of a restraining order, issued at the time of the filing of the petition, on the ground the court was without jurisdiction of the subject matter of the action because the acts complained of and the evidence disclosed the National Labor Relations Board had exclusive jurisdiction to determine the issues between the parties under the Labor Management Relations (Taft-Hartley) Act of 1947. Thereupon the motion and issues were taken under advisement and the parties were directed to submit briefs in support of their respective contentions.

Thereafter the trial court overruled the defendants' motion to dismiss the action and dissolve the restraining order and entered its order temporarily enjoining the defendants, and each of them, until further orders, "from picketing the work projects of the plaintiff in Douglas County Kansas, or elsewhere within the State of Kansas for the purpose or with the effect of compelling a violation of the rights of the plaintiff or plaintiff's employees under the laws and declared policy of the State of Kansas." In this order the court found specifically (1) that it had jurisdiction of the subject of the action; (2) that picketing by the defendants of plaintiff's work projects was peacefully conducted but that unless enjoined it would be conducted by defendants for the purpose and effect of compelling a violation of the rights of plaintiff and plaintiff's employees as guaranteed them by the laws and declared policy of the State of Kansas; and (3) that unless such picketing be temporarily enjoined plaintiff would suffer irreparable injury for which it had no adequate remedy at law.

Along with and in support of its order the court filed a memorandum opinion wherein, among other things, it found that (1) the purpose and intent of the Union in picketing plaintiff's con-

struction job where it did not represent at least a majority of the workmen was to compel plaintiff to ratify an agreement previously submitted to its president or to agree to a contract with the Union which would compel plainiff's employees to either join the Union or cease work; (2) requiring plaintiff's employees to either join the Union or cease work would deprive them of their rights guaranteed by G. S. 1949, 44-803 and would therefore be an illegal act on the part of plaintiff; and (3) the picketing, being for an illegal purpose and in volation of the public policy of the State, should be enjoined.

Following the foregoing action defendants perfected their appeal to this court wherein, as has been heretofore indicated, the parties agree the sole question presented on appellate review is whether the trial court had jurisdiction of the subject matter.

Disposition of the appellate issue involved will be simplified by directing attention at the outset to certain matters which are either conceded or cannot be disputed in view of the record.

For all purposes of the appeal appellee concedes it was engaged in a business "affecting (interstate) commerce" within the meaning of the Labor Management Relations Act, 1947 (29 U. S. C. A. § 141 *et seq.*).

The evidence discloses and the parties admit that neither the appellee nor the appellants have appealed to the National Labor Relations Board for the purpose of obtaining relief under the provisions of the Labor Management Relations Act, 1947.

Our statute G. S. 1949, 44-803, provides:

"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection, and such employees shall also have the right to refrain from any or all such activities."

G. S. 1949, 44-808, makes it unlawful for an employer, and G. S. 1949, 44-809, makes it unlawful for any person, to interfere with, restrain, coerce, or intimidate employees in the exercise or enjoyment of the legal rights guaranteed them by 44-803, *supra.*

Article VI of the Constitution of the United States provides in part as follows:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby."

In passing it should be noted that under this constitutional mandate

the interpretation placed upon a federal statute by the decisions of the supreme court of the United States is controlling upon state courts and must be followed. This we may add is true regardless of views of state courts even though such decisions are inconsistent with their prior decisions. See, e. g., *Krouse v. Lowden,* 153 Kan. 181, 109 P. 2d 138, certiorari denied 314 U. S. 633, 62 S. Ct. 67, 86 L. Ed. 508, rehearing denied 314 U. S. 710, 62 S. Ct. 174, 86 L. Ed. 566. See, also, 14 Am. Jur. 336 § 117; 11 Am. Jur. 740 § 104; 16 C. J. S. 204 § 93; 21 C. J. S. 365 § 206.

The Labor Management Relations Act, 1947, as it appears in the United States Code Annotated, contains the following provisions.

29 U. S. C. A. § 157, like G. S. 1949, 44-803, deals with the right of employees as to organization, collective bargaining, etc. It reads:

"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158 (*a*) (3) of this title."

29 U. S. C. A. § 160 (*a*) provides:

"The Board [The National Labor Relations Board] is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise: *Provided,* That the Board is empowered by agreement with any agency of any State or Territory to cede to such agency jurisdiction over any cases in any industry (other than mining, manufacturing, communications, and transportation except where predominantly local in character) even though such cases may involve labor disputes affecting commerce, unless the provision of the State or Territorial statute applicable to the determination of such cases by such agency is inconsistent with the corresponding provision of this subchapter or has received a construction inconsistent therewith."

29 U. S. C. A. § 158 deals with unfair labor practices. So far as here pertinent it provides:

"(*a*) It shall be an unfair labor practice for an employer—

"(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

"(2) to dominate or interfere with the formation or administration of any labor organization . . .

"(3) by discrimination in regard to hire or tenure of employment or any

term or condition of employment to encourage or discourage membership in any labor organization: . . ."

". . . . . . . . . . . . . .

"(b) It shall be an unfair labor practice for a labor organization or its agents—

"(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title: . . .

"(2) to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a) (3) of this section . . ."

Turning to the appellate issue involved it can now be stated that in the face of what has been heretofore related and outlined we are inclined to the view that this case is controlled by our recent decision of *Texas Const. Co. v. H. & P. E. Local Union No. 101,* 178 Kan. 422, 286 P. 2d 160. There, in conformity with views expressed in *Amalgamated Meat Cutters, Etc. v. Johnson,* 178 Kan. 405, 286 P. 2d 182, respecting the force and effect to be given recent decisions of the United States supreme court, i. e., *Garner v. Teamsters Union,* 346 U. S. 485, 74 S. Ct. 161, 98 L. Ed. 228; *Building Trades Council Et Al. v. Kinard Construction Co.,* 346 U. S. 933, 74 S. Ct. 373, 98 L. Ed. 423; *Capital Service, Inc. v. Labor Board,* 347 U. S. 501, 74 S. Ct. 699, 98 L. Ed. 887; *Weber v. Anheuser-Busch, Inc.,* 348 U. S. 468, 75 S. Ct. 480, 99 L. Ed. 546; *Clothing Workers v. Richman Bros.,* 348 U. S. 511, 75 S. Ct. 452, 99 L. Ed. 600, we recognized that Congress had taken in hand the particular type of controversy there— as well as here—involved where it affected interstate commerce and, notwithstanding similar action on the part of the Union was prohibited by sections of our statute heretofore quoted, held:

"An employer of labor transacting business which involves interstate commerce, without filing any petition with the National Labor Relations Board, brought suit in the district court of Phillips County to enjoin a labor union from picketing his place of business to induce his employees to join the union, *held:* The district court of Phillips County had no jurisdiction of the subject matter." (Syl.)

Notwithstanding the view heretofore expressed respecting the disposition of the instant case we are not compelled to base its decision entirely upon what is said and held in *Texas Const. Co. v. H. & P. E. Local Union No. 101,* supra. Reference to the emphasized portion of paragraph 12, heretofore quoted, of the petition discloses, in language so clear and unequivocal as to preclude contradiction or refutation, that from the very inception of the action appellee was charging the appellants with at least one unfair labor

practice, *i. e.*, a violation of the provisions of 29 U. S. C. A. § 158 (*b*) (1) prohibiting a labor organization or its agents from restraining or coercing employees in the exercise of the rights guaranteed by the preceding section of the Labor Management Relations Act, 1947 (29 U. S. C. A. § 157), thus bringing this action squarely within the rule announced by the supreme court of the United States at page 481 of its opinion in *Weber v. Anheuser-Busch, Inc.*, supra, where it said:

"We realize that it is not easy for a state court to decide, merely on the basis of a complaint and answer, whether the subject matter is the concern exclusively of the federal Board and withdrawn from the State. This is particularly true in a case like this where the rulings of the Board are not wholly consistent on the meaning of the sections outlawing 'unfair labor practices,' and where the area of free 'concerted activities' has not been clearly bounded. But where the moving party itself alleges unfair labor practices, where the facts reasonably bring the controversy within the sections prohibiting these practices, and where the conduct, if not prohibited by the federal Act, may be reasonably deemed to come within the protection afforded by that Act, the state court must decline jurisdiction in deference to the tribunal which Congress has selected for determining such issues in the first instance."

What has been heretofore stated and held, without citation of additional authorities, compels the conclusion that under the facts and circumstances of the involved case the district court did not have jurisdiction of the subject matter and therefore should have dismissed the action without the issuance of a temporary injunction. However it is interesting, and may be of some benefit to the bench and bar, to note that since the handing down of the decisions by the United States supreme court in *Garner v. Teamsters Union*, supra; *Weber v. Anheuser-Busch, Inc.*, supra; and others referred to in this opinion, a number of state supreme courts as well as inferior state courts, in opinions that must be regarded as supporting the decision herein announced, have reversed or approved reversal of decisions previously made wherein injunctive relief had been granted in cases based on circumstances similar to the one now under consideration. See, e. g., *Wisconsin Employ. Rel. Bd. v. Chauffeurs, Team., Etc.*, 66 N. W. 2d 318, 267 Wis. 356; *WERB v. Chauffeurs, Teamsters & Helpers, Local 200*, 28 Labor Cases ¶ 69,375 (Wisconsin, Circuit Court, Milwaukee County); *Shenker Displays, Inc. v. Goldman*, 28 Labor Cases ¶ 69,410 (144 N. Y. S. 2d 7); *Droutman v. Doe*, 140 N. Y. S. 2d 576; *Montgomery Bldg. & Const. Tr. C. v. Ledbetter Erec. Co.*, 260 Ala. 382, 70 So. 2d 809;

*Richman Bros. Co. v. Clothing Workers*, 28 Labor Cases ¶ 69,320 (Ohio, Court of Common Pleas, Cuyahoga County); *Grimes & Hauer, Inc. v. Pollock*, 127 N. E. 2d 203 (Ohio); *National Electric Service Corp. v. District 50, Etc.*, 279 S. W. 2d 808 (Ky.); *Jack Cooper Transport Company v. Stufflebeam*, 280 S. W. 2d 832 (Mo.); *Dyer v. Intl. Brotherhood of Teamsters*, 124 Cal. App. 2d 778, 269 P. 2d 199; *Garmon v. San Diego Building Trades Council*, 273 P. 2d 686 (Cal.). See, also, *Your Food Stores of Santa Fe v. Retail Clerks, Etc.*, 121 F. Supp. 339.

The judgment of the trial court is reversed and the cause remanded with directions to set aside the temporary injunction and dismiss the action.