No. 40,128

City Motors, Inc., *Appellant*, v. International Association of Machinists, Lodge No. 778, A. F. of L. and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, General Drivers, Local No. 498, A. F. of L., Roger Holter and William Butler, Business Agents for Local 498, John Doe, Picket, *Appellees*.

(292 P. 2d 1102)

Opinion filed January 28, 1956.

*Joseph H. McDowell,* of Kansas City, argued the cause and was on the briefs for the appellant.

*James H. Barnes,* of Kansas City, and *John J. Manning,* of Kansas City, Missouri, argued the cause, and *Robert S. Fousek,* of Kansas City, Missouri, was with them on the briefs for the appellees.

The opinion of the court was delivered by

Parker, J.: This was an action to permanently enjoin the defendants from maintaining pickets in the vicinity of plaintiff's place of business until such time as the defendant unions were certified as being the representative bargaining agent or agents of plaintiff's employees and for such other relief as the court deemed just and equitable. The appeal is from an order and decision of the district court denying the relief sought and dismissing the action on the ground it was without jurisdiction of the subject matter.

Plaintiff commenced the action by filing its petition in the district court on September 27, 1955. This pleading identifies the parties and outlines the factual situation on which it bases its rights to relief. For that reason portions thereof will be quoted and others will be summarized.

Paragraphs One to Five, Incl., read:

"1. Plaintiff is a corporation, incorporated under the Laws of Delaware, authorized and doing business in Kansas, at 600 State Avenue, Kansas City, Kansas, engaged in sale and service of automobiles and its annual volume of

purchases used in its business from outside Kansas is approximately $1,300,-000.00 principally in new automobiles.

"2. That its total annual volume of business is approximately $2,367,000.00 and all but approximately $21,000.00 in sales are made within Kansas, and employ an average of 37 employees.

"3. Defendants Lodge No. 778 and Local 498 are labor organizations affiliated with the American Federation of Labor and the other named defendants and business agents and pickets, all members or employees of said labor organizations.

"4. The pickets referred to in caption are picketing plaintiff's place of business and have been since June 15, 1955, except for short intervals as set out hereinafter, and carry signs which state in effect:

"'We urge employees of parts and service departments of City Motors, Inc. to help us maintain union wages and conditions,' and contain the name of defendant labor organizations or local unions.

"5. Defendant labor organizations have jointly caused said pickets to be so placed and shortly thereafter representatives of the local unions met with plaintiff and stated the purpose of the pickets was to organize plaintiff's employees."

Paragraphs Six to Ten, Incl., deal with attempts to organize plaintiff's employees. Highly summarized they contain allegations disclosing that both plaintiff and defendants cooperated in that respect without success.

Remaining allegations of such pleading read:

"11. During the few days when the above negotiations were taking place the pickets were removed but after the ballot results stated in the preceding paragraph the pickets were immediately restored by defendant unions.

"12. Defendant unions have stated repeatedly that they do not claim to represent a majority of plaintiff's employees at this time.

"13. As far as plaintiff is concerned no labor dispute exists with its employees and plaintiff states that it maintains 'union wages and conditions' in the accepted meaning of such terms.

"14. The purpose of said picketing is to cause persons to not do business with plaintiff and to induce or encourage employees of others to engage in a concerted refusal in the course of their employment to perform services, with the object to force or require persons to cease doing business with plaintiff and to force or require plaintiff to recognize defendant unions when they have not been selected as representative of plaintiff's employees, all contrary to 29 U. S. C. 158 (b) (4) (A and B), and chapter 252, Section 4 (1 and 2), Laws of Kansas, 1955.

"15. That such picketing is inherently coercive and contains inherent threats and is designed to cause the public to believe that a labor dispute exists at plaintiff's place of business and plaintiff believes there is a rule or accepted understanding among all affiliated local chapters or lodges of defendant unions that the members will 'respect' or refuse to deliver goods to or deal with any concern where a picket with a banner or identification, is stationed.

"16. Such acts also are an attempt to force plaintiff to cause its employees to join and bargain through defendants unions when such unions are not of their own choosing, all contrary to 29 U. S. C. 157, and Section 44-803, G. S. '49.

"17. Such acts have caused employees of concerns delivering autos and other merchandise to plaintiff to refuse to enter in or near plaintiff's place of business and plaintiff has been unable to secure delivery of merchandise in the usual method of trade, commerce and business practices and is suffering irreparable injury and has no adequate remedy at law.

"18. Plaintiff was advised by its attorney that these acts of defendants were an unfair labor practice and as a result plaintiff filed a charge with the National Labor Relations Board, 17th Region, Kansas City, Mo., alleging violation of 29 U. S. C. 158 (b) (4) on September 9, 1955, and on September 20, 1955, said board refused in writing to issue a complaint and gave as the reason that the acts complained of were not a violation of said section 8 (b) (4).

"19. Plaintiff has requested a review of such refusal by the General Counsel of the Board, but states that such request in plaintiff's opinion is futile and that plaintiff is advised and believes that it will be some weeks before any decision is reached by the General Counsel and that he will sustain the action of the Kansas City, Missouri, office.

"20. Plaintiff further states that the acts of defendants, amount to a combination in restraint of trade and for the purpose of creating restrictions in trade or restrictions in the full and free pursuit of plaintiff's business, all contrary to Section 50-101 (first), G. S. '49.

"21. Plaintiff states that while it does some business in 'interstate commerce' that it has never denied its employees the right to organize and has never refused to accept the procedure of collective bargaining, and that no act of plaintiff has had any effect upon the free flow of commerce as set out in 29 U. S. C. 151 (declaration of policy of Taft-Hartley Act) and that the effect on trade and commerce in this matter is the direct result of the acts of defendants."

Two days after the filing of the petition the district court issued a temporary restraining order, thereby stopping the picketing. Three days thereafter the unions filed and argued a motion to dismiss the action. In substance this motion was based upon the ground the court was without jurisdiction of the subject matter because the National Labor Relations Board had exclusive jurisdiction to hear and determine the alleged unfair labor practices. Following a hearing, and on October 3, 1955, such motion was sustained and judgment rendered accordingly. This appeal followed.

Decision of the issues will be facilitated by directing attention at the outset to certain matters which, in the face of the pleadings, the

evidence and the record presented, can neither be denied nor controverted.

One of such matters is that at the time of the filing of the petition in district court appellant, as the trial court found, was engaged in a business "affecting (interstate) commerce" within the meaning of that term as used in the Labor Management Relations Act, 1947 (29 U. S. C. A. § 141 *et seq.*).

Another is that the picketing complained of was peacefully conducted under conditions which, under the express allegations of appellant's own petition, resulted in the commission of unfair labor practices prohibited by such Act.

Still another is that although the charge, initially filed with the National Labor Relations Board, was limited to alleged unfair labor practices prohibited by a single subsection of the Act, i. e., Section 8 (b) (4), the petition, subsequently filed in the state court, was expanded to include charges of unfair labor practices prohibited by other subsections of the same section of the Act.

The essence of the first contention advanced by appellant as a ground for reversal of the trial court's judgment is that stranger picketing by a union, which has not been selected as the bargaining agent for employees, is not within the intent or purview of the Labor Management Relations Act of 1947, hence the state court, not the National Labor Relations Board, has jurisdiction over activities such as are here involved. In view of recent decisions this contention lacks merit and requires little comment. All that need be said with respect thereto is that this court (See *Kaw Paving Co. v. International Union of Operating Engineers,* 178 Kan. 467, 290 P. 2d 110; *Texas Const. Co. v. H. & P. E. Local Union No. 101,* 178 Kan. 422, 286 P. 2d 160) as well as others (See, e. g., *Garner v. Teamsters Union,* 346 U. S. 485, 74 S. Ct. 161, 98 L. Ed. 228) have held to the contrary.

It can now be stated that after a careful examination of the pleadings, the facts, and the decision we have become convinced that, except for questions raised by appellant to be presently discussed respecting the force and effect to be given the initiatory unfair labor practice charge filed with the National Labor Relations Board and the action taken with respect thereto, the case at bar would be controlled by our recent decision in *Kaw Paving Co. v. International Union of Operating Engineers,* supra, and the numerous decisions cited at page 474 of its opinion. Therefore, on the

basis of what is said and held in such decisions we hold, that unless matters to be presently discussed and determined precluded its action, the trial court's decision it was without jurisdiction of the subject matter of the action because the National Labor Relations Board had exclusive primary jurisdiction thereof under the Labor Management Relations Act, 1947, was correct and proper.

Having determined that the National Labor Relations Board had exclusive primary jurisdiction over the involved labor dispute we now turn to questions raised by appellant with respect to whether action and/or inaction on the part of such Board had the effect of revesting the state court with jurisdiction to hear and determine it. Stated in the form in which it is made the first question raised by appellant in connection with this point reads: "Was filing a charge and the refusal of the Regional Director to issue a complaint sufficient to say the NLRB had accepted jurisdiction."

We think indication of the view of the Supreme Court of the United States with respect to the foregoing question appears in *Garner v. Teamsters Union,* supra, and we are convinced that it was definitely answered in the affirmative by the same court in *Weber v. Anheuser-Busch, Inc.,* 348 U. S. 468, 75 S. Ct. 480, 99 L. Ed. 546. Therefore, based on our construction of what is said and held in such decisions, and particularly since the Federal Act itself (See 29 U. S. C. A. § 160) makes specific provision for a review at higher levels of a refusal on the part of the Regional Director to permit a complaint to issue, we are forced to conclude that on the date of the filing of the petition in the state court the National Labor Relations Board had not relinquished jurisdiction over the controversy and such question must be answered in the affirmative. Indeed, since it is conceded that at such time appellant had an application for review of the Regional Director's action pending before the Board's General Counsel under express provisions of the last cited section of the Act, this conclusion seems inescapable under the existing facts and circumstances.

What has been heretofore said and held ends this lawsuit and impels us to hold that on the basis of what was before it at the time of the rendition of its decision the trial court did not err in dismissing the action on the ground it had no jurisdiction of the subject matter.

In reaching the conclusion just announced we have not been

unmindful that on oral argument of the cause in this court counsel for appellant directed our attention to the fact, which counsel for appellees conceded, that some two months after rendition of the district court's judgment the General Counsel for the National Labor Relations Board confirmed the Regional Director's ruling with respect to the issuance of a complaint. Nor have we overlooked arguments or decisions made and cited by counsel for each of the parties in support of their respective positions on whether that action would be sufficient to vest the courts of this state with jurisdiction in a proceeding such as is here involved. It suffices to say that questions raised by them with respect to such matters were not before the trial court at the time of the rendition of its judgment and cannot be here considered or decided.

The judgment is affirmed.