No. 40,514

LEONARD STIEBEN, CHESTER RASEK, LESTER PHILLIS, HERB INGRAM, ROBERT R. SISSON, JOHN VICENCIO, C. A. AMMERMAN, A. J. O'SHEA, STEPHEN DODGE, EUGENE SHEETS, KEITH CHARTIER, HOWARD MILLER, HERMAN H. FABRIZIUS, VERNON LUETTERS, ROBERT TAYLOR, KEITH SUTTON, GERHARD BARKE, MILFORD ZUKER, and WAYNE SUTTON, *Appellees,* v. THE CONSTRUCTIVE AND GENERAL LABORERS LOCAL UNION, No. 685, OF SALINA, KANSAS, an unincorporated association; WILLIAM SCHOLL and C. S. HARPER, as individuals and as officers and members of the said Union and representative of the class of members thereof; JOHN DOE and RICHARD ROE, as individuals and as officers, representatives, and members of the said Union whose names and addresses are unknown and representative of the class thereof, *Appellants.*

(317 P. 2d 436)

 Opinion filed Oc-
tober 9, 1957. 

*George E. McCullough, Robert L. Kimbrough* and *Leon W. Lundblade*, of
Topeka, were on the briefs for appellants.

*C. L. Clark*, of Salina, argued the cause; *James P. Mize* and *Tom Lillard, Jr.*,
of Salina, were with him on the briefs for appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in equity from an order of the
trial court granting an injunction, both temporary and permanent,
against picketing for organizational purposes.

The appellees (hereafter plaintiffs) are nineteen individual non-
union workmen who were employed by Jarvis Construction Com-
pany (hereafter Jarvis), general contractor, in the construction of
an Officers Quarters and Armament and Electronics Shop Addition
at the Smoky Hill Air Force Base in Saline County, Kansas. Some
of the plaintiffs are carpenters and the remainder are common
laborers.

The appellants (defendants below) are The Constructive and
General Laborers Local Union No. 685, of Salina, Kansas, an unin-
corporated association, William Scholl and C. S. Harper (as individ-
uals and as officers) and members of the said Union, for convenience
hereafter collectively referred to as the Union (Local No. 685) or
defendants.

Picket lines appeared against Jarvis' Smoky Hill projects on May
23, 1956; the pickets not having been employed on said projects
are *stranger pickets*. The advent of the pickets occasioned the
withdrawal of union suppliers, plumbers, electricians, ornamental
and structural iron workers, reinforcing workers and other union
men employed by subcontractors and other prime contractors work-
ing on the projects. Jarvis continued its part of the projects until
the construction reached the point at which it could proceed no
further without the co-ordinated and allied work that could only be
done by those union tradesmen who would not cross the picket line.

In declining to cross the picket lines, the union workers followed
an established union policy. The results manifest defendants'
control and the efficacy of the "traditional policy" and brought
construction work to a standstill on June 11, 1956. Upon submission
of the case, the trial court found that plaintiffs had no adequate
remedy at law against an imminent, irreparable injury, resulting

from picketing which the trial court characterized as unlawful. Its restraining order of June 12, 1956, was promptly obeyed by defendants and the union men resumed work.

With one important exception, which controls the disposition of this case, the facts (taking into account the above variations) and the procedural steps taken in the lower court in all material respects are substantially identical to those in *Binder v. Local Union No. 685*, 181 Kan. 799, 317 P. 2d 371, Case No. 40,520, decided October 5, 1957.

The exception consists of an extended stipulation entered into by the parties in which it was agreed that the trial court should regard the stipulated testimony as evidence adduced on plaintiffs' behalf. This stipulation in its entirety concerning the Smoky Hill projects, taken together with all of the facts and circumstances presented by the record in the instant case and the findings and conclusions adopted by the trial court, we construe as an *admission*, against the interest of the plaintiffs, *that the unfair labor practices, out of which this action arose, affect (interstate) commerce.*

The plaintiffs' theory in presenting the case to the lower court was that the picketing was unlawful in that its aim, purpose and objective was to deprive plaintiffs of their common law right to work. This they claimed was not a protected or a prohibited activity under the Labor Management Relations Act, 1947, and thus the National Labor Relations Board did not have jurisdiction of the subject matter since it was not specifically covered by the Act. Whether or not the unfair labor practice affected (interstate) commerce was regarded as immaterial under plaintiffs' theory. The trial court adopted plaintiffs' theory of the case and made findings and conclusions consistent therewith.

Actually, the evidence of the plaintiffs supports the findings of the trial court which, in their entirety, established that the purpose of the picketing was to organize the nonunion employees (plaintiffs) of Jarvis on the Smoky Hill projects; that the immediate objective of the picketing by the Union (Local No. 685) was (*a*) directly to coerce or intimidate the plaintiffs to become members of said Union, and in the event of their refusal, to injure the plaintiffs in their right to work and earn a livelihood; and (*b*) indirectly to coerce, intimidate and induce Jarvis to coerce or intimidate the plaintiffs to become members of Local Union No. 685, and in the event of its refusal to in any way interfere with the rights of

the plaintiffs to join or not to join a labor organization, to injure Jarvis in its business. (See, *Binder v. Local Union No. 685,* supra.)

Such unfair labor practices are prohibited by both the Labor Management Relations Act, 1947, (29 U. S. C. A. § 158 [a] [1] and [b] [1]) and the Kansas statutes (G. S. 1955 Supp., 44-808 [1] and 44-809 [12]).

The substance of the extended stipulation, to which reference has been made, is that the parties agreed if C. S. Harper, business agent of the Union (Local No. 685), were present and called as a witness he would testify that charges were filed with the National Labor Relations Board against Jarvis under 29 U. S. C. A. § 158 (A) (1) and (2) on June 13, 1956, which is just one day after the temporary restraining order was issued in the instant case by the trial court against the Union (Local No. 685). The details of the charge were part of the stipulation. They indicated that Jarvis was being charged with causing demand to be served upon the Union to immediately cease the peaceful picketing; that Jarvis, through counsel employed by Jarvis, caused legal action to be filed against the Union (Local No. 685) by the plaintiffs (its employees); that said counsel caused *ex parte* restraining orders to be issued restraining the Union from organizational activities; and that the activities on the part of Jarvis prohibited and prevented the plaintiffs, through intimidation and coercion, from exercising their rights to free organization as guaranteed by the Labor Management Relations Act, 1947. It was stipulated that the Regional Director replied upon receipt of the charge that the case had been assigned to William J. Cassidy, Board Agent.

One significance we ascribe to this charge filed with the Board is that it sufficiently identifies the picketing and the parties in the instant case with the charge against Jarvis on the Smoky Hill construction projects. In other words, Jarvis is being charged before the Board with the conduct of the plaintiffs in this action, whereby the Union is seeking to absolve itself from conduct in violation of State law.

It is no longer subject to argument, where unfair labor practices are either protected or prohibited by the Labor Management Relations Act, 1947, that Congress has pre-empted the field in labor relations matters affecting (interstate) commerce and has vested exclusive jurisdiction in the National Labor Relations Board to determine such labor disputes. (*Guss v. Utah Labor Board,* 353 U. S.

1, 77 S. Ct. 598, 1 L. Ed. 2d 601; *Meat Cutters v. Fairlawn Meats,*
353 U. S. 20, 77 S. Ct. 604, 1 L. Ed. 2d 613; *Friesen v. General Team
& Truck Drivers Local Union No. 54,* 181 Kan. 769, 317 P. 2d 366;
Case No. 40,247, decided October 5, 1957; and *Asphalt Paving v.
Local Union,* 181 Kan. 775, 317 P. 2d 349; Case No. 40,282, decided
October 5, 1957.)

Should this court recognize the mere filing of a charge of this
character with the National Labor Relations Board, after assign-
ment by the Regional Director to an Agent of the Board, as an
*exercise of jurisdiction* by the Board, it is readily apparent that no
action of the type here indicated would stand in a State court
against a Labor Union charged with unfair labor practices under
State law. It would provide a convenient escape hatch through
which a Labor Union could circumvent enforcement of State labor
laws.

The Missouri Supreme Court in *Graybar Electric Co. v. Auto-
motive, P. & A. I. Union,* 365 Mo. 753, 287 S. W. 2d 794, held that
a charge filed by the *employer* with the National Labor Relations
Board, where general counsel for the Board refused to issue a com-
plaint, was a decision on the merits that there was no violation of
the Act, thus an exercise of National Labor Relations Board juris-
diction. That court further held that the State court did not have
jurisdiction of an action to enjoin picketing alleged to be in viola-
tion of the Labor Management Relations Act, 1947.

We cannot subscribe to the rule announced by the Missouri court
in *Graybar* (See, dissenting opinion in *Graybar,* supra). But,
inferentially the *Graybar* decision on the facts before that court
is on a sound basis even as to the charge filed with the Board. Note
that it was the *employer,* a large wholesale distributor of electrical
products asking compensatory and exemplary damages in the ag-
gregate sum of $550,000.00, that filed the charge with the National
Labor Relations Board. The *employer* thereby *admitted by making
application to the Board that the unfair labor practices,* which he
charged to be in violation of the Labor Management Relations Act,
1947, *affected interstate commerce,* a field of labor relations pre-
empted by Congress.

Likewise, our own Kansas case of *City Motors v. International
Ass'n of Machinists, Lodge No. 778, A. F. of L.,* 179 Kan. 157, 292
P. 2d 1102, should not be overlooked. There the trial court found
the employer was engaged in a business "affecting (interstate) com-

merce," which was not controverted on appeal to this court. A charge, filed with the Board alleging unfair labor practices prohibited by the Labor Management Relations Act, 1947, was pending for determination at the time the trial court ruled. At that particular time, prior to *Guss* and *Fairlawn*, many State courts were entertaining false hopes that where the National Labor Relations Board declined to exercise its jurisdiction, by reason of minimum jurisdictional standards which it adopted or otherwise, the State courts would be vested with jurisdiction. The holding in *City Motors* was that since the Board had not relinquished jurisdiction over the controversy it was sufficient to say that it had accepted jurisdiction and the State court had no jurisdiction.

The question before the court in *City Motors* concerning the charge filed with the Board is now moot.

Turning our attention to further stipulations, to which reference has been made, the parties in the instant case stipulated that Jarvis in 1956 held construction contracts with the United States Government involving projects at the Smoky Hill Air Force Base, the total contract price of which was approximately $330,000.00 and was obligated by the terms of the contract to finish the work within the term of the 1956 calendar year; and

"That the parties hereto waive the right to introduce additional evidence or testimony as presented to the court in this hearing and that the parties hereto stipulate and agree that *the court may,* in its determination, *consider testimony evidence adduced* to its determination of the temporary and the permanent injunction. *That the defendants have not introduced any affirmative evidence in a case in chief."* (Emphasis added.)

All of the stipulations herein concerning the charge filed by the Union (Local No. 685) with the National Labor Relations Board were presented as the testimony of C. S. Harper.

Of particular importance is the fact that counsel for plaintiffs have made no objection to any of the stipulations on the ground of materiality or relevance. Construing the stipulation above quoted in the light of the defendants' affirmative defense—that ". . . the activities herein complained of are solely under the jurisdiction of the National Labor Relations Board by reason of the fact that this dispute primarily concerns interstate commerce . . ."—set forth in defendants' answer, we conclude that all stipulations must be regarded as affirmative evidence adduced on plaintiffs' behalf.

Under all of the facts and circumstances presented by the record in the instant case, plaintiffs' evidence, disclosing application to the

National Labor Relations Board charging unfair labor practices prohibited by the Labor Management Relations Act, 1947, in connection with the picketing out of which this action arose, must be construed as an *admission* that Jarvis' construction projects at the Smoky Hill Air Force Base affected interstate commerce.

This case, therefore, falls squarely under the rule of *Garner v. Teamsters Union,* 346 U. S. 485, 74 S. Ct. 161, 98 L. Ed. 228.

It follows that exclusive jurisdiction in the instant case lies in the National Labor Relations Board and the trial court erred in asserting State jurisdiction by granting an injunction.

The judgment of the lower court is vacated and the case remanded with directions to dismiss the action.