No. 48,142

REECE SHIRLEY and RON'S INC., d/b/a BONNER SPRINGS IGA, *Appellants,* v. RETAIL STORE EMPLOYEES UNION AND ITS LOCAL 782, R.C.I.A., AFL-CIO, *et al., Appellees.*

(565 P.2d 585)

Opinion filed June 11, 1977.

*K. Gary Sebelius,* of Eidson, Lewis, Porter and Haynes, of Topeka, argued the cause, and *William G. Haynes,* of the same firm, was with him on the brief for the appellants.

*Robert L. Uhlig,* of Blake, Uhlig and Funk, of Kansas City, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by the owner of a retail grocery business and the owner of a shopping center for an injunction to enjoin the retail store employees union and its members from interfering with plaintiffs' business and from unlawfully trespassing on private property. The plaintiffs-appellants are Reece Shirley, owner of a shopping center located in Bonner Springs, Kansas, and Ron's Inc., d/b/a Bonner Springs I.G.A., which leases certain property in the shopping center for

its grocery store business. The defendants-appellees are the Retail Store Employees Union and its local #782, R.C.I.A., AFL-CIO, and its members and representatives.

The petition alleged in substance that the union and its members are engaged in acts of unlawful trespassing upon the plaintiffs' property and interfering with plaintiffs' business, causing irreparable loss and damages which will continue if not restrained or enjoined. The defendants filed an answer to the petition admitting the relationship of the parties but asserting that the district court lacked jurisdiction over the subject matter of this action since such jurisdiction is vested exclusively in the National Labor Relations Board (NLRB), through operation of the National Labor Relations Act (NLRA), as amended, 29 U.S.C.A. Secs. 141-187. The answer further alleged that the defendant union had been certified by the NLRB as the exclusive bargaining representative of the employees of the plaintiff Ron's Inc.; that Ron's Inc. and the union had failed to agree on a labor contract; that the union went on strike and placed pickets at the plaintiff's place of business; that there exists a labor dispute between plaintiff Ron's Inc. and defendant and such strike is protected under the National Labor Relations Act. Defendants further alleged that all picketing was lawful, peaceful, and informational activity protected by the NLRA and the United States Constitution. Following the filing of the answer, the district court promptly set the case for trial on the merits. The case was tried to the court and after a full hearing the court took the matter under advisement. Thereafter the trial court by memorandum decision entered judgment in favor of the defendants, denying injunctive relief. An appropriate journal entry of judgment was prepared and the plaintiffs thereupon appealed to this court.

The essential facts as found by the trial court are set forth in the trial court's journal entry of judgment in the following language:

"1. This controversy involves picketing by the defendant union of a grocery store located in Bonner Springs Plaza, a privately owned shopping center in Bonner Springs, Kansas.

"2. That plaintiff, Reece Shirley, is the owner of the shopping center and the building in which the store is located and which is leased to the plaintiff, Ron's Inc., d/b/a Bonner Springs IGA store.

"3. The defendant union has been certified by the National Labor Relations Board as the exclusive representative of the employees of the grocery store and that the union employees are on strike.

"4. That the union has placed pickets in front of the grocery store; the picketing is peaceful.

"5. The union has been notified by the plaintiffs by telegram to cease and desist from trespassing on plaintiff's property but has refused to stop its picketing.

"6. The shopping center is located at the intersection of Front Street and Oak Street. It is bounded on the east side by Oak Street, on the south by Front Street, on the west side by Elm Street, and on the north side by a high wall and other business buildings.

"7. There are only two stores located in the shopping center, the plaintiff's grocery store and a Ben Franklin Store, both of which are housed in one long building backed along Elm Street along the west side of the tract.

"8. The stores face east and because of the topography, are exposed to the public only from Front Street and Oak Street.

"9. There are three entrances to the shopping center, one on the east side from Oak Street, one on the south from Front Street, and a third one at the southwest corner of the tract from Elm Street near the loading docks. Aside from these entrances, the shopping center is separated from the adjoining streets by curbing and a narrow strip of land on the south side and a narrow public sidewalk running along Oak Street on the east.

"10. Plaintiff's store occupies the south half of the building and has a loading dock on the south side of the store.

"11. There is a walk covered by a canopy extending along the front of the stores which is six feet in width. Parking spaces are lined out for the stores' patrons in front of the store, and items which are for sale are displayed on the walk. Bumpers of cars parked in front sometimes overhang the walk so that in certain areas the passageway is restricted at times to approximately four and one-half feet.

"12. Between the stores and the outside perimeters of the shopping center, the area is paved with asphalt and there are numerous parking spaces lined out. These areas provide common parking facilities for both stores in the shopping center.

"13. The only entrance for patrons of the grocery store is on the east side of the store approximately in the middle of the store.

"14. The distance from the front of the store across the parking area to the sidewalk along Oak Street is approximately 200 feet.

"15. Oak Street is a principal thoroughfare in Bonner Springs and is rather heavily traveled. Parking is permitted along both sides of the sidewalk. Picketing engaged in by the defendant is on the walk in front of plaintiff's store, usually by two pickets wearing banner type jackets stating that the union was on strike against the plaintiff's store.

"16. At times the pickets walk abreast causing congestion on the walk. On occasion some of the defendants eat their lunches on the curb at the south end of the building by the loading dock and pickets park their cars in front of the store in spaces reserved for patrons. Evidence established one incident of horseplay. All of this causes annoyance and inconvenience to the patrons of the store. These incidences were sporadic and of short duration and relatively infrequent.

"17. There was no evidence of any violence, threats, or harassment of patrons.

"18. There was no showing the pickets have significantly interfered with the use to which the shopping center was being put by the plaintiffs and the general public, or with the store's operation.

"19. Picketing by the defendant on the property of the plaintiff is controlled by

*Amalgamated Food Employees local 590 v. Logan Valley Plaza, Inc.*, 391 U.S. 308. That case, as in this case, a privately owned shopping center is involved. The shopping center here, as in that case, was bounded by two rather heavily traveled streets and the only entrance to the shopping area was by way of five entranceways from these streets. The shopping area was otherwise separated from the streets by earth and berms twelve to fifteen feet wide running alongside the street. The picketing was being carried out on the parcel pick-up area in front of the store by pickets carrying signs.

"20. To compel the defendant union to conduct its picketing off the premises of the shopping center owned by plaintiff, Reece Shirley, and leased by the plaintiff, Ron's, Inc., d/b/a Bonner Springs IGA, under the circumstances here would for all practical purposes effectively hinder or bar the communication of ideas which the pickets seek to express to the patrons of the grocery store.

"21. . . . . . . . . . .

"22. Judgment is hereby entered against the plaintiffs and in favor of defendants, denying the injunction."

At the trial the plaintiffs contended in substance that the defendant union's picketing constituted a trespass in violation of Kansas law (K.S.A. 21-3721); that such picketing materially obstructed and interfered with the store's operations; and that the picketing could be efficiently and effectively accomplished on the public sidewalk and other areas outside the shopping center. The defendant union maintained that the district court was without jurisdiction because jurisdiction was preempted by federal law and vested exclusively in the NLRB; that its picketing in the shopping center was protected by the First Amendment to the United States Constitution and the NLRA since it was peaceable and did not obstruct or interfere with plaintiff's business in any way. These same positions are taken by the parties on this appeal.

We must first consider the jurisdictional issue: Has the subject matter of this controversy been preempted by Congress and assigned to the exclusive jurisdiction of the NLRB so as to preclude state court jurisdiction? In the absence of the NLRA state courts would have jurisdiction to decide traditional trespass claims against unions and their members. However, a principal purpose of the Act is to establish a uniform national labor policy, and the Board has been given the initial responsibility for interpreting the Act and adjudicating claims of unfair labor practices. Although the Act does not explicitly preclude state courts from applying state law or federally declared standards to labor disputes, the United States Supreme Court has long recognized that state determinations might conflict with federal labor policy as established by the NLRA and interpreted by the NLRB, and the

Supreme Court has required state courts to yield to the NLRB in this area. The leading case which supports the preemption doctrine is *San Diego Unions v. Garmon,* 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773 (1959). In reviewing a California decision which awarded an employer damages from harm resulting from peaceful union picketing, Mr. Justice Frankfurter stated as follows:

"When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by Sec. 7 of the National Labor Relations Act, or constitute an unfair labor practice under Sec. 8, due regard for the federal enactment requires that state jurisdiction must yield. . . .

"At times it has not been clear whether the particular activity regulated by the States was governed by Sec. 7 or Sec. 8 or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board. . . .

". . . When an activity is arguably subject to Sec. 7 or Sec. 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." (pp. 244-245.)

Sec. 7 of the NLRA (29 U.S.C.A. Sec. 157) provides employees with various rights vis-a-vis employers, including the right to organize, bargain collectively, and engage in other concerted activities for the purpose of collective bargaining or other activities. Picketing has been recognized as a legitimate tool which a union can use under this section to attempt to negotiate a collective bargaining agreement. Sec. 8 (29 U.S.C.A. Sec. 158) defines activities which constitute unfair labor practices, including certain types of picketing.

The preemption doctrine has long been recognized by the decisions of this court. (*Kaw Paving Co. v. International Union of Operating Engineers,* 178 Kan. 467, 290 P. 2d 110; *Texas Const. Co. v. H. & P.E. Local Union No. 101,* 178 Kan. 422, 286 P. 2d 160; *Friesen v. General Team & Truck Drivers Local Union No. 54,* 181 Kan. 769, 317 P. 2d 366; *Asphalt Paving v. Local Union,* 181 Kan. 775, 317 P. 2d 349; *Hyde Park Dairies v. Local Union No. 795,* 182 Kan. 440, 321 P. 2d 564; *Inland Industries, Inc. v. Teamsters & Chauffeurs Local Union,* 209 Kan. 349, 496 P. 2d 1327.) The Kansas legislature has also recognized the preemption doctrine. K.S.A. 60-904 (*c*) restricts the right to injunctive relief in labor disputes in the following language:

"60-904 . . . . . . .

"(c) *Restraint prohibited in certain cases. No restraining order or injunction shall prohibit any person or persons,* from terminating any relation of employment, or from ceasing to perform any work or labor, or from recommending, advising, or persuading others by peaceful means to do so; or from attending at or near a house or place where any person resides or works, or carries on business, or happens to be for the purpose of peacefully obtaining or communicating information, or of peacefully persuading any person to work or to abstain from working; or from ceasing to patronize or to employ any party to such dispute; or from recommending, advising, or persuading others by peaceful means to do so; or from paying or giving to or withholding from any person engaged in such dispute any strike benefits or other moneys or things of value; or from peaceably assembling at any place in a lawful manner and for lawful purposes; or from doing any act or thing which might lawfully be done in the absence of such dispute by any party thereto, or *from any activity over which the federal authority is exercising exclusive jurisdiction.*" (Emphasis supplied.)

Obviously 60-904 (*c*) covers a wide range of activities in labor disputes which are placed beyond the jurisdiction of state court injunctions. It is thus quite clear that the Kansas legislature has established the public policy of this state to be that the Kansas courts should not grant injunctions in labor disputes where the activity is one reasonably subject to the jurisdiction of the NLRB.

The undisputed facts in the present case show that the defendant union has been certified by the NLRB as the exclusive bargaining representative of certain employees of the Bonner Springs IGA. At the time the action was brought the union and its members were on strike because a labor contract could not be negotiated with the employer. The picketing here was the result of an existing labor dispute and was arguably subject to Sec. 7 or Sec. 8 of the NLRA.

We must consider, however, whether the picketing activities of the union in the present case were beyond the scope of the NLRA merely because they took place on the private property of the shopping center and, being without the owner's approval, were consequently of a trespassory nature. The Supreme Court of the United States has established that under certain circumstances union representatives have a right protected under Sec. 7 to enter the employer's premises. (*Labor Board v. Babcock & Wilcox Co.,* 351 U.S. 105, 100 L. Ed. 975, 76 S. Ct. 679 [1956]; *Central Hardware Co., v. NLRB,* 407 U. S. 539, 33 L. Ed. 2d 122, 92 S. Ct. 2238 [1972].) A determination of its scope requires an accommodation between Sec. 7 rights and private property rights with as little destruction of one as is consistent with the maintenance

of the other. (*Labor Board v. Babcock & Wilcox Co.,* supra.) Under the *Garmon* rule so long as it can be argued that trespassory union activity is protected under Sec. 7, it is initially within the exclusive jurisdiction of the NLRB to reconcile these Sec. 7 rights with private property rights. It logically follows that state courts' jurisdiction in resolving this conflict should be denied. (Cox, *Labor Law Preemption Revisited,* 85 Harv. L. Rev. 1337, 1360-61 [1972]; Broomfield, *Preemptive Federal Jurisdiction Over Concerted Trespassory Union Activity,* 83 Harv. L. Rev. 552, 562-563 [1970].)

The Supreme Court has recently clarified this rule in *Hudgens v. NLRB,* 424 U.S. 507, 47 L. Ed. 2d 196, 96 S. Ct. 1029 (1976). *Hudgens* involved the picketing of an employer's retail store located in a privately owned shopping center. The owner of the shopping center threatened the pickets with arrest for trespassing. The union then filed a complaint of unfair labor practices against the owner of the shopping center under Sec. 7 of the NLRA. The Board, relying on *Food Employees v. Logan Plaza,* 391 U.S. 308, 20 L. Ed. 2d 603, 88 S. Ct. 1601 (1968), held that under the First Amendment guarantee of free expression, union members could not be enjoined from peaceful picketing of a retail store in a privately-owned shopping center which was the equivalent of a municipality's business district and entered a cease-and-desist order against the shopping center owner. Ultimately the case reached the United States Supreme Court which held that the striking employees had no First Amendment right to enter the shopping center to advertise their strike against their employer, but that the respective rights of the parties were to be decided under the criteria of the NLRA alone, by resolving conflicts between the employers' Sec. 7 rights and private property rights, and by seeking a proper accommodation between the two. In the opinion of the court written by Mr. Justice Stewart it was stated that *Logan Plaza* had been overruled by the intervening decision in *Lloyd Corp v. Tanner,* 407 U.S. 551, 33 L. Ed.2d 131, 92 S. Ct. 2219 (1972), although other justices did not concur with this statement. In our judgment *Hudgens* is important to the resolution of the present case because it states clearly that in case of trespassory picketing the rights and liabilities of the picketing union and the property owner are dependent upon the provisions of the NLRA and that it is the task of the NLRB to resolve the

conflict between competing Sec. 7 rights and private property rights and to seek a proper accommodation between the two.

From a consideration of these decisions we have concluded that the trespassory picketing activity at issue in this case is both arguably protected by Sec. 7 and arguably prohibited by Sec. 8 of the NLRA and hence a case for federal preemption has been established. It is true that the Supreme Court in *Garmon* recognized exceptions to federal preemption by stating that state courts may take jurisdiction and act *where the activity involved is merely a peripheral concern of the federal labor relations statute,* or *where the regulated conduct touches interests so deeply rooted in local feeling and responsibility* that in the absence of compelling congressional direction it cannot be inferred that Congress deprived the states of the power to act. However, we have concluded that these exceptions are not applicable in the case before us.

In the present case the plaintiffs contend that the protection of private property from a trespass is an interest "so deeply rooted in local feeling and responsibility" that the state courts may enjoin peaceful labor picketing where trespass is present. The Supreme Court of the United States, despite several opportunities to grant certiorari, has not yet explicitly decided this question. The issue was specifically reserved in *Meat Cutters v. Fairlawn Meats,* 353 U.S. 20, 1 L. Ed. 2d 613, 77 S. Ct. 604 (1957). A number of state appellate courts when faced with the problem have reached different results depending to some extent on the factual circumstances presented in the individual cases: *People v. Goduto,* 21 Ill. 2d 605, 174 N. E. 2d 385, *cert. denied,* 368 U.S. 927, 7 L. Ed. 2d 109, 82 S. Ct. 361; *May Dept. Stores v. Teamsters Local 743,* 64 Ill. 2d 153, 355 N. E. 2d 7; *Moreland Corp. v. Retail Store Employees Union,* 16 Wis. 2d 499, 114 N. W. 2d 876; *Hood v. Stafford,* 213 Tenn. 684, 378 S. W. 2d 766; *Taggart v. Weinacker's Inc.,* 283 Ala. 171, 214 So. 2d 913, *cert. granted,* 396 U.S. 813, 24 L. Ed. 2d 65, 90 S. Ct. 52, *cert. dismissed,* 397 U.S. 223, 25 L. Ed. 2d 240, 90 S. Ct. 876, *People v. Bush,* 39 N.Y. 2d 529, 384 N.Y.S. 2d 733, 349 N.E. 2d 832. Other cases have held that actions involving peaceful trespassory picketing are preempted by federal law and must be determined at least in the first instance by the NLRB. (*Freeman v. Retail Clerks Union,* 58 Wash. 2d 426, 363 P. 2d 803; *Broadmoor v. Amalgamated,* 21 Ohio Misc. 245,

257 N. E. 2d 420; *Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters,* 17 Cal. 3d 893, 132 Cal. Rptr. 443, 553 P. 2d 603, *cert. granted,* 430 U. S. 905, 51 L. Ed. 2d 580, 97 S. Ct. 1172; *Wiggins & Co., Inc. v. Retail Clerks Union, Local 1557,* 80 L. C. 908, Syl. 11 [Chancery Ct., Knox County, Tenn.].) In considering the various cases it is important to note that some of them involved situations where there was a threat of immediate violence or some actual obstruction to ingress and egress to and from the employer's place of business.

In *Youngdahl v. Rainfair, Inc.,* 355 U.S. 131, 2 L. Ed. 2d 151, 78 S. Ct. 206 (1957), the Supreme Court held that a state court may lawfully enjoin a union from threatening or provoking violence and from obstructing or attempting to obstruct the free use of streets adjacent to the employer's place of business, and the free ingress and egress to and from that property. However, it held that a state court cannot lawfully enjoin a union from "all picketing or patrolling" of those premises. We believe that the answer to our problem may be found in *Youngdahl* when considered together with the other decisions of the Supreme Court which are discussed above. We have concluded that a state court has the power to enjoin trespassory picketing only where there is shown to be actual violence or a threat of immediate violence or some obstruction to the free use of property by the public which immediately threatens public health or safety or which denies to an employer or his customers reasonable ingress and egress to and from the employer's place of business. Unless the evidence establishes that these elements are present, a state court should not take jurisdiction in actions seeking injunctive relief in cases of peaceful trespassory picketing. Such controversies should properly be left for determination by the NLRB which has been given the authority to resolve conflicts between Sec. 7 rights and private property rights. (*Hudgens v. NLRB,* supra.)

In the case now before us the allegations of the plaintiffs' petition reasonably implied that the trespassory picketing on the property of the shopping center was disrupting plaintiffs' business and denying them the free use of their property. In view of these allegations in the petition and the denial thereof in the defendants' answer, the district court properly set the case for hearing to determine whether or not there was any threat of immediate violence or some significant obstruction of ingress and

egress to and from the plaintiff's grocery store. The trial court resolved these issues in favor of the defendant union finding that all picketing was peaceful; that there was no evidence of any violence, threats, or harassment of patrons; and that there was no showing that the pickets had significantly interfered with the use to which the shopping center was being put by the plaintiffs and the general public, or with the store's operation. We find there is substantial competent evidence in the record to support the trial court's findings. Having made this determination, the district court properly denied injunctive relief. Thereafter any controversy between the parties over the rights of the union under Sec. 7 and the property rights of the plaintiffs was a matter to be determined by the NLRB pursuant to the National Labor Relations Act.

The judgment of the district court is affirmed.