No. 48,142

REECE SHIRLEY and RON'S, INC., d/b/a BONNER SPRINGS IGA, *Appellants,* v. RETAIL STORE EMPLOYEES UNION and ITS LOCAL 782, R.C.I.A., AFL-CIO, *et al., Appellees.*

(592 P.2d 433)

Original opinion filed June 11, 1977. Opinion on rehearing filed March 31, 1979. (For original opinion see *Reece Shirley & Ron's Inc. v. Retail Store Employees Union & Local 782,* 222 Kan. 373, 565 P.2d 585 [1977], *cert. granted* 436 U.S. 924, 56 L.Ed.2d 767, 98 S.Ct. 2816 [1978] [vacated and remanded].)

*K. Gary Sebelius,* of Eidson, Lewis, Porter, and Haynes, of Topeka, argued the cause, and *William G. Haynes,* of the same firm was with him on the brief for the appellants.

*Robert L. Uhlig,* of Blake and Uhlig, of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: The original opinion in this case was handed down on June 11, 1977, and reported in 222 Kan. 373, 565 P.2d 585. The

plaintiffs-appellants petitioned the United States Supreme Court for a writ of certiorari, asserting that the state trial courts were not preempted by the National Labor Relations Act (NLRA), 29 U.S.C.S. § 151 *et seq.* (1977), from framing and enforcing an injunction aimed at a trespass upon private property by union pickets engaged in an economic strike. The United States Supreme Court granted the petition for a writ of certiorari and, on May 30, 1978, ordered the judgment of this court vacated and the case remanded to this court for further consideration in light of *Sears, Roebuck & Co. v. Carpenters,* 436 U.S. 180, 56 L.Ed.2d 209, 98 S.Ct. 1745 (1978). This court then granted a rehearing and requested counsel to brief three issues:

(I). In view of the present factual circumstances, is the case now moot? If not, what relief to the parties would be appropriate at this time?

(II). What is the effect of the opinion of the United States Supreme Court in *Sears, Roebuck & Co.,* on the original decision of the court in this case?

(III). What effect does the Kansas Statute 60-904(*c*) have on the disposition of this case?

Counsel for the parties have filed briefs, materially aiding the court in resolving the issues presented.

After consideration of the case in light of *Sears, Roebuck & Co.,* and the additional briefs and arguments of counsel, we have concluded that the original opinion of this court should be modified, but that the judgment of the district court should be affirmed. The facts surrounding this controversy are fully reported in this court's previous opinion and need not be expanded. The findings of fact of the trial court are set forth in the original opinion at 222 Kan. 374-376.

As to the issue of mootness, it should be noted that, at the time of the original hearing of this case on appeal, the parties advised the court that at some time during the prosecution of the appeal, the union had ceased picketing on the private property of the plaintiffs. However, the union was certified by the NLRB as the exclusive bargaining representative of the store's grocery clerks. The situation is essentially the same at this time. The union is still certified as the exclusive bargaining representative of the store's grocery clerks, although it now appears that the union no longer has active members in the store. Nevertheless, it is entirely

possible that the union may resume its picketing activity at some date in the future. The situation still exists that no employment contract has been entered into between the parties. Thus, this court is faced with an issue which is "capable of repetition, yet evading review." *So. Pac. Terminal Co. v. Int. Comm. Comm.,* 219 U.S. 498, 515, 55 L.Ed. 310, 31 S.Ct. 279, 283 (1911); *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 125, 40 L.Ed.2d 1, 94 S.Ct. 1694 (1974); *Pauley v. Gross,* 1 Kan. App. 2d 736, 574 P.2d 234 (1977). Furthermore, the issue presented in this case is one of public importance. We consider it desirable to clarify our original opinion in this case in light of the decision of the United States Supreme Court in *Sears, Roebuck & Co.* We will, therefore, proceed to determine the basic issues presented at the rehearing.

We must first examine carefully the opinion of the United States Supreme Court in *Sears, Roebuck & Co.* The facts were not complicated. Upon determining that certain carpentry work in Sears Department Store was being done by men who had not been dispatched from its hiring hall, the union established picket lines on Sears' property. When the union refused Sears' demand to remove the pickets, Sears filed suit in the California Superior Court and obtained a preliminary injunction against the continuing trespass. The Court of Appeal affirmed. The California Supreme Court reversed, holding that, because the picketing was both arguably protected by § 7 of the NLRA and arguably prohibited by § 8, state court jurisdiction was preempted under the guidelines set forth in *San Diego Unions v. Garmon,* 359 U.S. 236, 3 L.Ed.2d 775, 79 S.Ct. 773 (1959). *Garmon* is discussed in the original opinion of the court in this case.

The United States Supreme Court granted certiorari and reversed. In the majority opinion written by Mr. Justice Stevens, it was held that, even though the picketing was *arguably prohibited* by § 8 of the NLRA (as having a recognitional or work reassignment objective) and *arguably protected* by § 7 of the NLRA (as having the objective of securing the owner's compliance with area standards) state court jurisdiction was not preempted. The holding of nonpreemption under § 8 was based upon the rationale that (1) since the federal issue which the owner might have presented to the NLRB was not identical to the issue presented to the state court, and (2) since the state court's exercise of jurisdiction would be limited to the trespassory aspects of the picketing,

allowing the state court to act would create no realistic risk of interference with the NLRB's primary jurisdiction to enforce the federal statutory prohibition against unfair labor practices. In holding that activity arguably protected by § 7 did not necessarily preempt the state court jurisdiction, the opinion analyzed that under these circumstances (a) only the union, not the owner, could have presented the protection issue to the NLRB by filing an unfair labor practice charge against the owner upon his demand that the pickets be removed, (b) the owner had no acceptable method of invoking, or inducing the union to invoke, the board's jurisdiction, and (c) the owner should be allowed to reject the self-help option of forcefully evicting the pickets, with its potential for violence. The opinion states that permitting the state court to evaluate the merits of the union's argument that its trespassory activity was protected by § 7 did not create an unacceptable risk of interference with conduct that the board would find protected. The opinion relied upon two factors: (1) the court's experience in labor law cases that a trespass was far more likely to be unprotected than protected under the act, and (2) the fact that, in cases where the argument in favor of protection was the strongest, the risk that state court would enjoin a trespass that the board would have protected was minimized by the likelihood that the union would invoke the board's jurisdiction and thereby avoid the state forum.

Mr. Justice Blackmun concurred, stating that if a union filed an unfair labor practice charge upon being asked by an employer to remove pickets from the employer's property, and if the union processed the charge expeditiously, state court jurisdiction should be considered to be preempted. Pending state court actions should then be stayed until either the NLRB's general counsel declined to issue a complaint or the board ruled against the union by holding the picketing to be unprotected. Blackmun suggested that when a state court properly exercised jurisdiction over "arguably protected" trespassory picketing, it should provide a prompt adversary hearing on the merits of the § 7 protection question, preferably before any restraining order was issued and, in all events, within a few days thereafter.

Mr. Justice Powell also filed a concurring opinion in which he expressed the view that, since the danger of violence was inherent in many situations of sustained trespassory picketing, a state

court should have the authority to protect public and private interests by granting preliminary relief, absent the availability of an equivalent remedy under the NLRA. In contrast to Justice Blackmun's opinion, he suggested that state court jurisdiction should not be considered to be preempted merely by the filing of an unfair labor practice charge by the union for the reason that there is nothing in the act requiring an employer to endure the creation of a temporary easement on his property pending the outcome of action by the NLRB's general counsel on the charge.

Mr. Justice Brennan, joined by Stewart and Marshall, JJ., filed a dissenting opinion. Mr. Justice Brennan expressed the view that, consistent with long-standing authority, state court jurisdiction should be considered to be preempted when trespassory picketing was arguably protected under the NLRA, as in the case at bar, regardless of whether preemption limited an employer's remedies. He suggested that the court's decision in the instant case created the certain prospect of state court interference that could seriously erode the act's protections of labor activities and disserve the interests protected by the national labor laws.

From a hearing of these various opinions in *Sears, Roebuck & Co.,* we have concluded that, although the precise holding of the United States Supreme Court is not crystal clear, it had the effect of broadening the scope of the authority to be exercised by the state trial courts where trespassory picketing occurs in the course of a claimed labor dispute. One of the primary considerations in the *Sears* case militating in favor of expanded state court jurisdiction was the fact that the employer, Sears, was powerless to obtain a ruling from the NLRB as to the legality of the picketing. In the majority opinion, the point is emphasized that in cases of trespassory picketing the primary-jurisdiction rationale established in *Garmon* justifies preemption only in situations in which an aggrieved party has a reasonable opportunity to invoke the board's jurisdiction himself or else to induce his adversary to do so. The opinion points out that Sears could not directly obtain a labor board ruling on the question whether the union trespass was federally protected. Such board determination could have been obtained only if the union had filed an unfair labor practice, alleging that Sears had interfered in the union's right to picket on Sears' property. Only by proceeding in the state courts could Sears obtain an orderly resolution of the question whether the

union had a federal right to remain on its property. At pages 202-203 of 436 U.S., we find the following statement:

"The primary-jurisdiction rationale unquestionably requires that when the same controversy may be presented to the state court or the NLRB, it must be presented to the Board. But that rationale does not extend to cases in which an employer has no acceptable method of invoking, or inducing the Union to invoke, the jurisdiction of the Board. We are therefore persuaded that the primary-jurisdiction rationale does not provide a *sufficient* justification for pre-empting state jurisdiction over arguably protected conduct when the party who could have presented the protection issue to the Board has not done so and the other party to the dispute has no acceptable means of doing so."

The opinion declares that state jurisdiction to enforce its laws prohibiting violence, defamation, the intentional infliction of emotional distress, or obstruction of access to property is not preempted by the NLRA. We note that, in his concurring opinion, Mr. Justice Powell was particularly concerned with the fact that the danger of violence is inherent in many situations of sustained trespassory picketing and that, absent the availability of an equivalent remedy under the NLRA, a state court should have the authority to protect the public and private interest by granting preliminary relief.

It is thus clear that the primary concerns of the justices in *Sears, Roebuck & Co.* were (1) the fact that Sears, the employer and property owner, had no available forum in which to litigate the issue of whether the union trespass was federally protected, thus creating a "no man's land" of jurisdiction, and (2) the fact that trespassory picketing frequently presents a danger of violence which necessitates a prompt remedy available in the state courts. On the basis of these two considerations, the Supreme Court concluded that the jurisdiction of state trial courts in cases involving trespassory picketing should be expanded.

As noted in the original opinion, K.S.A. 60-904(c) is a recognition by the Kansas legislature of the preemption doctrine in labor disputes. It was pointed out in the original opinion that K.S.A. 60-904(c) places a wide range of activities in labor disputes beyond the jurisdiction of Kansas court injunctions. The Kansas legislature established the public policy of this state to be that the Kansas courts should not grant injunctions in labor disputes where the activity is subject to the jurisdiction of the NLRB. The specific language used in 60-904(c) is important and should be carefully noted:

476

"60-904. . . .

"(c) *Restraint prohibited in certain cases.* No restraining order or injunction shall prohibit any person or persons . . . from any activity over which the federal authority is exercising exclusive jurisdiction."

In considering the effect of *Sears, Roebuck & Co.,* we must also consider the language of K.S.A. 60-904(c).

We, thus, have given further consideration to the original opinion in this case in light of *Sears, Roebuck & Co.* and have concluded that the scope of jurisdiction of Kansas trial courts should be broadened in situations where union trespassory picketing has occurred and the union failed to file a complaint with the NLRB following a demand of the employer to stop the trespassory picketing. Where that is the situation, a Kansas district court may enjoin or limit trespassory picketing where the district court finds that no right of the union under the NLRA has been violated or will be interfered with. Except in cases of emergency, a district court should not grant injunctive relief ex parte and should provide the defendant with a prompt adversary hearing before any order of restraint is issued.

If, however, a union, after receiving from the employer or property owner a notice to cease picketing, files a complaint with the NLRB and the board takes jurisdiction, a Kansas district court has the power to enjoin trespassory picketing only where there is shown to be actual violence or a threat of immediate violence or some obstruction to the free use of property by the public that immediately threatens public health and safety or that denies to an employer or his customers reasonable ingress and egress to and from the employer's place of business. Unless those elements are present, a state court should not take jurisdiction in actions seeking injunctive relief in cases of peaceful trespassory picketing that are arguably subject to the provisions of §§ 7 and 8 of the NLRA where the union files a complaint with the NLRB and it takes jurisdiction of the case.

In modifying our previous opinion by enlarging the scope of the jurisdiction of the Kansas courts in labor injunction cases, we believe that we have satisfied the intention of the legislature as expressed in K.S.A. 60-904(c). We have recognized the preemption doctrine and at the same time provided the employer or property owner a forum in which to litigate the issue of whether the picketing is protected under the NLRA. We, therefore, with-

draw syllabi ¶¶ 2 and 3 of the original opinion and substitute in lieu thereof the syllabi set forth above.

It should be noted that in this case the district court afforded the parties a full evidentiary hearing. The trial court correctly found that there was a bona fide labor dispute between the owner of a retail grocery business and the store employees' union in which the members of the union were picketing their employer's store because of the failure to agree on a labor contract. The picketing, although trespassory in nature, was clearly protected under § 7 of the NLRA. The trial court in its findings of fact found that the picketing was peaceful, and without violence, threats, or harassment of patrons. The trial court further found that there was no showing that the pickets had significantly interfered with the use to which the shopping center was being put by the plaintiffs and the general public, or with the store's operation. The trial court also found that, under the circumstances, to compel the defendant union to conduct its picketing off the premises of the shopping center would for all practical purposes effectively hinder or bar the communication of ideas which the pickets sought to express to the patrons of the grocery store. The trial court, after a full hearing, having found that the trespassory picketing was protected by the NLRA and that the picketing was necessary for the union to exercise its rights under the act, properly denied injunctive relief. Its findings of fact are supported by substantial competent evidence and we have no right to overturn those findings on appeal.

Subject to the modifications made in this supplementary opinion on rehearing, we adhere to the original opinion in this case and its holding that the judgment of the district court should be affirmed.

HERD, J., not participating.