227 Kan. 557 (1980)
608 P.2d 1320
WILLIAM M. GIBBONS, Trustee of the Property of Chicago, Rock Island and Pacific Railroad Company, Appellant,
v.
BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, et al., Appellees.
No. 50,440
Supreme Court of Kansas.
Opinion filed April 5, 1980.
Emery D. Curlee, of Chicago, Illinois, argued the cause and Mark L. Bennett, Jr., of Topeka, was with him on the brief for appellant.
Steven A. Fehr, of Jolley, Moran, Walsh, Hager & Gordon, of Kansas City, Missouri, argued the cause and Michael D. Gordon of the same firm, and Robert Uhlig, of Kansas City, Kansas, were with him on the brief for appellees.
Per Curiam:
In July, 1978, the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers and Express and Station Employees (BRAC) commenced a legal strike against the Norfolk & Western Railway Co. (N & W). As a part of their striking activities BRAC established picket lines around the premises of the Rock Island Railroad which were removed from, and no part of, the property occupied by N & W. The Rock Island filed suit to enjoin such secondary picketing under the provisions of K.S.A. 44-809(13) and (14). After a hearing the trial court denied the request for an injunction holding that the matter was controlled by federal law and that federal law as enunciated in Railroad Trainmen v. Terminal Co., 394 U.S. 369, 22 L.Ed.2d 344, 89 S.Ct. 1109 (1969), prevented state proscription of the picketing by BRAC.
It is conceded that while jurisdiction to hear the action is vested in the state courts, federal law must be applied by the court. It is further conceded that no labor dispute now exists between BRAC and N & W and no picketing is being done by BRAC on Rock Island property. Any opinion rendered at this time would be advisory only as the issues between the parties are moot. This court has held that even though the issues in a particular appeal may be moot if the issues are capable of repetition and are of extreme public importance then the appeal may be considered and an opinion rendered. Reece Shirley & Ron's, Inc. v. Retail Store Employees Union & Local 782, 225 Kan. 470, 592 P.2d 433 (1979).
In the case now before the court all parties were governed by *558 federal statutory law including the Norris-LaGuardia Act and the Railway Labor Act and the federal cases interpreting those statutes. We do not deem it to be in the public interest for the court at this time to attempt to render an advisory opinion upon conflicting federal decisions and statutes when no actual controversy now exists.
The appeal is dismissed as being moot.