(631 P.2d 246)

No. 51,399

HERBERT B. HENDERSON, *Appellant,* v. ARTHUR SCHENK, SHERIFF OF MONTGOMERY COUNTY, KANSAS, *Appellee.*

Opinion filed July 10, 1981.

*Tom Crossan,* of Crossan & Claus, of Independence, for the appellant.

*Jeffrey Chubb,* County Attorney, and *Robert T. Stephan,* Attorney General, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

PARKS, J.: This is an appeal from an order dissolving a writ of habeas corpus. K.S.A. 60-1501.

On July 9, 1979, petitioner Herbert Henderson was involved in an automobile accident which resulted in a fatality. The petitioner was arrested on a warrant and charged with involuntary manslaughter and leaving the scene of an accident. The charging document was titled, "Information," and was accompanied by an affidavit setting out the facts of the accident. The information stated in part:

"[T]he above named defendant HERBERT B. HENDERSON . . . did then and there wilfully, wrongfully, unlawfully, feloniously and unintentionally kill a human being, to-wit: Mark A. Leasure, age 6, without malice while in the commission of an unlawful act, to-wit: operating a motor vehicle in a reckless manner, contrary to ordinance number 3263 of the City of Independence, Montgomery County, Kansas; all contrary to K.S.A. 21-3404 . . . ."

The petitioner filed a writ of habeas corpus and the matter was set for hearing. At the hearing, the court held that the petitioner should be released on bond and that the writ should be dissolved as unnecessary because Henderson was no longer restrained. The trial court heard no evidence and made no findings concerning the merits of petitioner's writ.

Although a defendant is apparently at liberty when on bond, he may still be considered in custody for the purposes of obtain-

ing a writ of habeas corpus. *Hensley v. Municipal Court*, 411 U.S. 345, 36 L.Ed.2d 294, 93 S.Ct. 1571 (1973). See also *In re Berkowitz*, 3 Kan. App. 2d 726, 727, n. 1, 602 P.2d 99 (1979), and cases cited therein. This is true because even while on bond, a defendant is subject to supervision of the court and to conditions which restrain his liberty. Therefore, we hold that the trial court erroneously dissolved the petitioner's writ as moot without considering the merits of his argument.

We now turn to petitioner's argument that his restraint is illegal because (1) the prosecution of a felony was improperly commenced with the filing of an information rather than a complaint; and (2) the information is defective because it fails to state an offense against the state of Kansas.

K.S.A. 1980 Supp. 22-2301(1) states that a prosecution shall be commenced by filing a complaint. The definitions of complaint and information are set out in K.S.A. 1980 Supp. 22-2202 as follows:

" 'Complaint' means a written statement under oath of the essential facts constituting a crime, except that a notice to appear issued by a law enforcement officer pursuant to and in compliance with K.S.A. 1978 Supp. 8-2106 shall be deemed a valid complaint if it is signed by said law enforcement officer.

. . . . .

" 'Information' means a verified written statement signed by a county attorney or other authorized representative of the state of Kansas presented to a court, which charges the commission of a crime. An information verified upon information and belief by the county attorney or other authorized representative of the state of Kansas shall be sufficient."

The purpose of both documents is to advise the accused and the court of the charges alleged to have been committed and the essential facts constituting the crime or crimes charged. *State v. Carpenter*, 228 Kan. 115, 120, 612 P.2d 163 (1980). The principal difference between the two documents is the stage in the proceedings at which they are filed. The complaint is filed to initiate the prosecution while the information is the formal document used to charge the defendant once he is bound over for trial. The complaint may also provide the factual basis needed for a magistrate to find the probable cause necessary to justify the issuance of an arrest warrant. K.S.A. 1980 Supp. 22-2302(1). However, this factual basis may be supplied by a separate affidavit, affidavits filed with the complaint, or other evidence. *Wilbanks v. State*, 224 Kan. 66, 76, 579 P.2d 132 (1978). Therefore, the actual contents of

the complaint may be identical to that of the subsequently filed information.

The document filed in this case to initiate prosecution of defendant was titled "Information," but it fulfilled the functions of a complaint. Defendant was fully informed of the charges against him and the charging document and affidavit clearly disclosed a factual basis for the belief that defendant committed the offenses. We conclude that it would be better practice and avoid confusion if prosecutors would conform to the statutory titles given the two different charging documents. However, the failure of the State to properly name the document used to commence prosecution in this case was not a fatal defect since the substance of that document carried out the purposes of a complaint.

Of further concern is petitioner's argument that the information and affidavit failed to state a public offense and therefore failed to provide the court with jurisdiction over him.

K.S.A. 1980 Supp. 21-3404 states:

"Involuntary manslaughter is the unlawful killing of a human being, without malice, which is done unintentionally in the wanton commission of an unlawful act not amounting to felony, or in the commission of a lawful act in an unlawful or wanton manner. As used in this section, an 'unlawful act' is any act which is prohibited by a statute of the United States or the state of Kansas or an ordinance of any city within the state which statute or ordinance is enacted for the protection of human life or safety.

"Involuntary manslaughter is a class E felony."

The information in this case does not specifically charge *wanton* commission of an unlawful act, but it does state that the unlawful act committed was reckless driving. There is no question that a charge of involuntary manslaughter must allege something more then mere negligence; it must charge wanton or gross negligence. *State v. Makin*, 223 Kan. 743, 747, 576 P.2d 666 (1978). However, K.S.A. 21-3201(3) provides that when "wantonness" is used in the Kansas Criminal Code, it includes the terms "recklessness" and "gross negligence." Therefore, that portion of Count I of the information which reads "operating a motor vehicle in a *reckless* manner" [emphasis supplied] necessarily means that the unlawful act was wanton. While the charge is not artfully phrased, we conclude that it charges a crime and gives the trial court jurisdiction over the defendant.

We conclude on the merits that the writ should be dissolved.

Judgment is affirmed.