(873 P.2d 1381)
No. 70,309
STATE OF KANSAS, *Appellee*, v. MARTIN ZIMMER, *Appellant*.

Opinion filed May 13, 1994.

*Tracy J. Thull*, of Cawker City, for appellant.

*William L. Navis* and *William R. Ludwig*, county attorneys, and *Robert T. Stephan*, attorney general, for appellee.

Before GREEN, P.J., ROYSE, J., and JAMES W. BOUSKA, District Judge, assigned.

GREEN, J.: Martin Zimmer, defendant, appeals the district court's judgment committing him to Larned State Security Hospital (LSH).

Zimmer pled guilty to six misdemeanor counts of giving a worthless check. The district court sentenced Zimmer to serve 180 days in the county jail. Because defendant refused to take his daily medication for diabetes and to eat his food, the county attorney filed a motion to modify Zimmer's sentence and to commit him to LSH for a mental examination. After a hearing, the magistrate judge modified defendant's sentence and committed him to LSH under K.S.A. 1993 Supp. 22-3429.

Following that ruling, defendant timely appealed to the district court, which affirmed the decision of the magistrate judge. The district court further ordered defendant to remain at LSH either until his sentence expired or until a report was issued by LSH in accordance with K.S.A. 1993 Supp. 22-3431.

Defendant then timely appealed, claiming his commitment to LSH was improper.

After LSH determined defendant needed no psychiatric care, he was released and returned to the county jail to serve the remainder of his sentence. Defendant has completed his sentence and has been released.

Because defendant has already been discharged from LSH and has completed his sentence, the State argues defendant's appeal is moot.

Inasmuch as we decide actual controversies and issue judgments to be carried into effect, and we decline to give opinions on moot questions or abstract propositions, or declare principles which cannot affect the matter in issue, we conclude a defendant must present an actual controversy that requires adjudication. See *Miller v. Insurance Management Assocs., Inc.*, 249 Kan. 102, 109, 815 P.2d 89 (1991); *City of Roeland Park v. Cross*, 229 Kan. 269, 270, 623 P.2d 1332 (1981). Here, defendant requests us to declare his commitment to LSH was improper. Nevertheless, since his appeal, defendant has been discharged from LSH because it was determined he was not a danger to himself or others. Although clearly a controversy existed when defendant was committed to LSH, we believe this controversy no longer exists because of his release from LSH. As a consequence, defendant's appeal appears moot.

Nevertheless, because the issue raised by defendant's appeal is capable of being repeated and is of extreme public importance, we conclude defendant's issue satisfies the public interest exception for mootness. See *Gibbons v. Brotherhood of Railway, Airline & Steamship Clerks*, 227 Kan. 557, 608 P.2d 1320 (1980); *Reece Shirley & Ron's Inc. v. Retail Store Employees Union & Local 782*, 225 Kan. 470, 592 P.2d 443 (1979). First, this case involves the interpretation of Kansas penal statutes that apply to individuals subject to criminal sentencing. Second, appeals from misapplication of these statutes will generally become moot before

any appellate review. Third, future misapplication of these statutes is capable of being repeated. Fourth, the curtailment of future misapplication of these statutes is of extreme public importance.

Interpretation of a statute is a question of law. Therefore, we have an unlimited review over the district court's decision. *State v. Donlay*, 253 Kan. 132, 853 P.2d 680 (1993). A standard presumption applied to statutory construction is that the legislature understood the words it used and intended the words to carry their common and ordinary meaning. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 245-46, 834 P.2d 368 (1992). A plain and unambiguous statute is given the effect intended by the legislature. *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

Because the relevant statutes are penal statutes, they must be construed in favor of the accused. Consequently, we will not supply meanings to words in criminal statutes other than the normal and usual meaning. *State v. Frazier*, 248 Kan. 963, 971, 811 P.2d 1240 (1991) (quoting *State v. Trudell*, 243 Kan. 29, 34, 755 P.2d 511 [1988]).

K.S.A. 1993 Supp.22-3429 states, in pertinent part:

"*After conviction and prior to sentence and as part of the presentence investigation* authorized by K.S.A. 21-4604 and amendments thereto . . . the trial judge may order the *defendant committed for mental examination, evaluation and report.* If the defendant is convicted of a felony, the commitment shall be to the state security hospital or any suitable local mental health facility. If the defendant is convicted of a misdemeanor, the commitment shall be to a state hospital or any suitable local mental health facility. If adequate private facilities are available and if the defendant is willing to assume the expense thereof, commitment may be to a private hospital. . . . A defendant may not be detained for more than 120 days under a commitment made under this section or for more than the maximum period of the prison sentence that could be imposed." (Emphasis added.)

Because K.S.A. 1993 Supp. 22-3429 applies only to a defendant who has been convicted and who has yet to be sentenced and because defendant had already been sentenced at the time of his commitment, the district court erred when it committed defendant to LSH.

Reversed.