No. 72,507

THOMAS A. SHANKS, *Appellant,* v. MICHAEL A. NELSON, WARDEN, EL DORADO CORRECTIONAL FACILITY, and ROBERT T. STEPHAN, ATTORNEY GENERAL, STATE OF KANSAS, *Appellees.*

(907 P.2d 882)

Opinion filed December 8, 1995.

*Steven C. Sherwood,* special appellate defender, argued the cause and was on the brief for appellant.

*Julie Riddle,* special assistant attorney general, argued the cause, and *Carla J. Stovall,* attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This petition for writ of habeas corpus under K.S.A. 60-1501 comes before us upon our grant of review of the Court of Appeals' decision affirming the dismissal of the writ. We granted review because of a split between separate panels of the Court of Appeals on the issue of whether an inmate's confinement in administrative segregation in a Department of Corrections facility involves a liberty interest under the state and federal constitutions.

However, responses to questions by the court upon oral argument indicated that the petitioner is no longer present in this state and that the issues upon which review is sought are moot.

Thomas A. Shanks, an inmate at the El Dorado Correctional Facility, appealed the trial court's denial of his K.S.A. 60-1501 habeas corpus petition. The Court of Appeals held that the Department of Corrections' regulations involving administrative segregation do not create a liberty interest. We granted the petitioner's request for review of the Court of Appeals' decision for reasons set forth above. However, upon oral argument, and based upon further written memorandum submitted by the parties, we now conclude the issues raised by the petitioner are moot.

During oral argument, the court asked the parties whether the petitioner was still being held in administrative confinement in this state. The petitioner's counsel had not conferred with his client since filing the petition for review before this court 5 months prior to oral argument. Counsel stated that he had recently become aware that his client had been transferred to the State of Texas, or as counsel stated, the petitioner had been paroled to the State of Texas. This release occurred on May 25, 1995, the day the petition for review was filed before this court. This court was never updated as to the status of the petitioner by his counsel, and the petitioner's counsel was without detailed information concerning the status of the petitioner at the time of oral argument.

The court also questioned counsel for the State. Again, it became apparent that counsel had not tracked the status of the petitioner since filing the brief before this court on July 13, 1995. Upon checking with the Department of Corrections, counsel advised us that the petitioner had been transferred from confinement in administrative segregation at the El Dorado Correctional Facility to conditional release in Texas on May 25, 1995. Counsel further advised this court that if the petitioner would be returned to the El Dorado Correctional Facility for service of the balance of his sentence, he would not be subject to the administrative segregation order under which he had been confined prior to his departure from this state. Any further administrative confinement in this state would be based upon a new order of segregation with the oppor-

tunity for a new hearing. Counsel conceded that under the circumstances, this case was moot.

This court gave each party 7 days to submit additional written memoranda on the question of mootness. Both parties submitted additional written memoranda on this issue. Counsel for the State concludes that "this case has been rendered moot by the conditional release of Appellant and his transfer to Texas." The petitioner's counsel disagrees. We have considered the additional authority submitted as well as the briefs and oral arguments. We are satisfied that any judgment of this court regarding the petitioner's previous segregation placement would have no effect. It is troubling that while the petitioner was released on May 25, 1995, neither counsel bothered to check on his whereabouts.

Counsel for the petitioner relies on *Henderson v. Schenk*, 6 Kan. App. 2d 562, 631 P.2d 246 (1981), to support his contention that the question is not moot. In *Henderson*, the petitioner was released on bond and the Court of Appeals rightly concluded a person on bond is still in custody subject to conditions which restrain his or her liberty. Because the petitioner in *Henderson* was still subject to supervision within the state and revocation of the bond would have placed the petitioner back in confinement, the issue raised was not moot. In this case, the petitioner is no longer present in the state and would not be affected by the administrative segregation order if he returns to this state.

The petitioner's counsel also relies upon *City of Ottawa v. Lester*, 16 Kan. App. 2d 244, 822 P.2d 72 (1991), as authority for this court to hear this case. However, in *Lester*, it was noted that should the petitioner prevail in his action and subsequently be found not guilty, he would be restored to the status of a first-time offender. *Lester* concluded that this change in and of itself could alter the potential penalties given a subsequent prosecution and his liability under a habitual traffic offender proceeding. Thus, the issues upon which the petition was based were not moot:

" 'An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights

involved in the action are concerned.' *Reeves v. Board of Johnson County Comm'rs,* 226 Kan. 397, 405, 602 P.2d 93 (1979)." 16 Kan. App. 2d at 245.

This court has also said:

"[I]t is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles which cannot affect the matter in issue before the court. [Citations omitted.]" *Kimberlin v. City of Topeka,* 238 Kan. 299, 301, 710 P.2d 682 (1995).

The petitioner's counsel also cites the case of *Gibbons v. Brotherhood of Railway, Airline & Steamship Clerks,* 227 Kan. 557, 608 P.2d 1320 (1980), for the proposition that even though the issues in a particular appeal may be moot if the issues are capable of repetition and are of extreme public importance then the appeal may be considered and an opinion rendered. See *Reece Shirley & Ron's, Inc. v. Retail Store Employees Union & Local 782,* 225 Kan. 470, 592 P.2d 433 (1979). However, we do not find these cases persuasive in our consideration of this petition for writ of habeas corpus under K.S.A. 60-1501. In *Gibbons,* the court concluded that it would not render an advisory opinion upon conflicting federal decisions (federal law applied to the original controversy) when no actual controversy existed. Moreover, the following comments by the court in *Reece Shirley & Ron's, Inc.,* 225 Kan. at 471-72, demonstrate why that opinion provides little, if any, support for the petitioner:

"As to the issue of mootness, it should be noted that, at the time of the original hearing of this case on appeal, the parties advised the court that at some time during the prosecution of the appeal, the union had ceased picketing on the private property of the plaintiffs. However, the union was certified by the NLRB as the exclusive bargaining representative of the store's grocery clerks. The situation is essentially the same at this time. The union is still certified as the exclusive bargaining representative of the store's grocery clerks, although it now appears that the union no longer has active members in the store. *Nevertheless, it is entirely possible that the union may resume its picketing activity at some date in the future. The situation still exists that no employment contract has been entered into between the parties. Thus, this court is faced with an issue which is 'capable of repetition, yet evading review.' [Citations omitted.] Furthermore, the issue presented in this case is one of public importance.* We consider it desirable to clarify our original opinion in this case in light of the decision of the United States

Supreme Court in *Sears, Roebuck & Co.* We will, therefore, proceed to determine the basic issues presented at the rehearing." (Emphasis added.)

Perhaps an earlier decision of the Court of Appeals concerning much the same question in this case best expresses the doctrine of mootness. *Hannon v. Maynard*, 3 Kan. App. 2d 522, 597 P.2d 1125 (1979), involved a question of mootness on the issue of administrative segregation where the inmate had been transferred from Kansas administrative segregation to Missouri pursuant to an interstate compact. The Court of Appeals held the inmate's lack of physical presence in this state rendered his 5th, 8th, and 14th Amendment claims regarding administrative segregation moot:

"The general rule is that appellate courts do not decide moot questions or render advisory opinions. [Citation omitted.] The mootness doctrine is one of court policy. [Citation omitted.] This policy recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and property which are actually involved in the particular case properly brought before it, and to adjudicate those rights in such manner that the determination will be operative, final and conclusive. [Citation omitted.] The present situation is distinguishable from a class action where the representative inmate is transferred [citation omitted], or a case where an inmate is transferred to a second prison where the conditions of which he initially complained also exist. [Citation omitted.] We note that in view of Hannon's commitment in another state, the 'physical presence' requirement of K.S.A. 60-1501 is lacking, leaving nothing upon which this court's judgment might act. [Citation omitted.] Accordingly, we conclude that Hannon's argument concerning his confinement in A&T [administrative segregation] is moot." 3 Kan. App. 2d at 523-24.

We emphasize that this is a petition for writ of habeas corpus under the provisions of K.S.A. 60-1501. The issues raised by the petitioner involve only his administrative confinement before his departure from this state.

Counsel for the petitioner relies on K.S.A. 1994 Supp. 22-3722, which provides that "[t]he period served on parole or conditional release shall be deemed service of the term of confinement." Counsel suggests that since the petitioner was released on conditional release and paroled to the State of Texas, he is still in "confinement." The question before us, however, involves only administrative segregation. Even if the petitioner were to be returned to this state, he would not be placed in administrative segregation

under the order existing before his departure from this state. Under these circumstances, the confinement complained of by the petitioner no longer exists.

We acknowledge that resolution of the issues raised by the petitioner may be beneficial to the Department of Corrections and both counsel, who frequently work in this area of the law. However, while the issue is important, it is not of extreme public importance. The actual controversy generating this case has ceased to exist, and any judgment entered would have no effect on the parties and would be an idle act insofar as rights involved in the action concerned. *Lester*, 16 Kan. App. 2d at 245.

Appeal dismissed as moot.