NOT DESIGNATED FOR PUBLICATION

No. 117,553

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY LEROY DAVIS,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.


MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed January 26, 2018.
Affirmed.

*Kenneth B. Miller*, of Wichita, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Anthony Leroy Davis filed a pro se K.S.A. 60-1501 petition alleging that a prison guard violated his Fourth Amendment rights under the United States Constitution by performing a visual body-cavity search. The district court dismissed Davis' petition without holding an evidentiary hearing. Davis appeals, arguing that the district court erred in summarily dismissing his petition. But because there was no relief the district court could have granted, summary dismissal was appropriate.

1

Davis is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, where he is serving a life sentence for first-degree murder, aggravated arson, and aggravated robbery. In July 2015, a prison guard conducted a visual body-cavity search on Davis after Davis returned from visitation. The guard required Davis to squat three times in a crouching posture and cough so the guard could visually inspect Davis' rectal cavity for contraband. That same month, Davis filed a grievance with the Kansas Department of Corrections (KDOC), arguing that the visual body-cavity search was unconstitutional. The KDOC investigated but concluded there was no evidence the search of Davis was improper. Davis appealed in August 2015, but the KDOC decided no further action was necessary.

In September 2015, Davis filed a pro se K.S.A. 60-1501 habeas corpus petition with the Butler County District Court. In his petition, Davis alleged that he was subjected to a body-cavity search by a same-sex guard. He asserted that the search was homosexual in nature, done with unnecessary force as a form of harassment and embarrassment, and that the guard glared at him. Davis argued that this body-cavity search, done without "reasonable suspicion," violated his Fourth Amendment rights.

In October 2015, the district court summarily dismissed Davis' petition, finding that a "strip search[], in itself does not implicate constitutional rights. The Court sees no violation of protected liberty interests. There is nothing atypical about petitioner's confinement. Such searches are a normal incidence of prison life especially after visitations. No claim stated." Davis filed a motion to reconsider and a motion for relief from judgment—both of which the court denied. Davis now appeals to this court, arguing that the district court erred in summarily dismissing his petition.

ANALYSIS

On appeal, Davis first argues that the district court erred in dismissing his K.S.A. 60-1501 petition without holding an evidentiary hearing.

Under K.S.A. 2016 Supp. 60-1501, any person confined in Kansas may bring a writ of habeas corpus in the county where they are confined, alleging that their conditions of confinement violate due process. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). To state a claim for relief—and thus, avoid summary dismissal—the petition must allege either (1) shocking or intolerable conduct or (2) continuing mistreatment of a constitutional nature. 289 Kan. 642, Syl. ¶ 2; *Merryfield v. State*, 44 Kan. App. 2d 817, Syl. ¶ 1, 241 P.3d 573 (2010). In determining if this standard is met, courts must accept the facts alleged by the inmate as true. *Williams v. DesLauriers*, 38 Kan. App. 2d 629, 633, 172 P.3d 42 (2007).

K.S.A. 2016 Supp. 60-1503 authorizes a district court to summarily dismiss—that is, dismiss without an evidentiary hearing—a habeas corpus petition if the petition, and any exhibits attached, plainly indicate that the petitioner is not entitled to relief in the district court. *Williams*, 38 Kan. App. 2d at 633. This court reviews the summary dismissal of a habeas corpus petition independently, with no required deference to the district court's decision. *Johnson*, 289 Kan. at 649.

Davis' petition alleged a violation of the Fourth Amendment, which protects us from unreasonable searches and seizures. The remedy for a Fourth Amendment violation is the exclusionary rule. When evidence is obtained from an unconstitutional search, the exclusionary rule prohibits the State from using that evidence against the defendant at trial. *State v. Powell*, 299 Kan. 690, 694-95, 325 P.3d 1162 (2014).

3

Davis argues that the visual body-cavity search performed on him violated his Fourth Amendment rights, but he did not allege that anything was found during the search, and he did not ask the court to suppress evidence. Nor did Davis ask for any alternative remedy.

Additionally, Davis has never argued that he was at risk of being subjected to another body-cavity search. If he had, then perhaps the district court could have issued an injunction, directing the prison to cease its practices. But it is questionable whether even that kind of a request for injunctive relief would have been appropriate. See *Bell v. Wolfish*, 441 U.S. 520, 558-60, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (holding visual body-cavity search of all inmates after contact visits did not violate the Fourth Amendment); *Baptiste v. Foster*, 2017 WL 2303975, at *2 (D.N.H. 2017) (legitimate penological interests usually justify body-cavity searches after contact visits between inmates and visitors). But in any event, because Davis did not allege that he was at risk of another body-cavity search, there would be no purpose served in issuing an injunction.

In short, even if Davis' allegations are true, there is nothing the district court could have done for him. Davis never asked for a practical remedy. Instead, he simply asked the court to determine that his visual body-cavity search was unlawful. But a court's job is to provide judgments "which can be carried into effect"—it isn't "to give opinions upon moot questions or abstract propositions" that will have no practical application. *Shanks v. Nelson*, 258 Kan. 688, ¶ 2, 907 P.2d 882 (1995); see also *Bohanon v. Schnurr*, No. 117,492, 2017 WL 5951624, at *2 (Kan. App. 2017) (unpublished decision) (mandate not yet issued).

K.S.A. 2016 Supp. 60-1503 authorizes the district court to summarily dismiss a petition when it appears from the face of the petition that the inmate is not entitled to any relief from the court. Because the district court could not grant Davis any relief, summary dismissal was appropriate.

Affirmed.