Per Curiam:
Bryan Brewer challenges the district court's summary dismissal of his habeas corpus petition related to extradition proceedings. Although Brewer's procedural errors bar our review of most of his claims, we agree that Brewer may be entitled to a hearing on his habeas corpus petition. As a result, we remand for further proceedings.
Factual and Procedural Background
Bryan Brewer was detained in Jackson County based on an arrest warrant out of Oklahoma. According to Brewer, he had been arrested on the same warrant twice before in Shawnee County, but those cases were dismissed when Oklahoma failed to retrieve Brewer or prosecute his case. The Jackson County District Court did not dismiss Brewer's case but granted Brewer a $50,000 own recognizance bond, as the extradition statutes permit in some cases. See K.S.A. 22-2715 (permitting the judge to commit the accused to the county jail for up to 30 days to await requisition, "unless the accused give bail as provided in the next section, or until he shall be legally discharged."); K.S.A. 22-2716 (providing that unless the offense with which the prisoner is charged is one punishable by death or life imprisonment, the judge may admit the person arrested to bail by bond, conditioned on his later appearance under a governor's warrant); K.S.A. 22-2717 (providing for a 60-day extension of jail time or bail if the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond).
After he was released on bond, Brewer filed a petition for writ of habeas corpus under the Uniform Criminal Extradition Act- K.S.A. 22-2701 et seq.,-to test the legality of the Oklahoma fugitive warrant that led to his repeated arrests in Kansas. A habeas corpus proceeding is the exclusive vehicle for challenging an extradition request. Brewer asked the district court to dismiss Oklahoma's fugitive warrant against him because Oklahoma had failed to exercise its extradition rights:
"Bryan Brewer prays this Court grant him a Writ of Habeas Corpus, freeing him from the alleged extradition warrant from the State of Oklahoma, further advising the Governor of the State of Kansas that the State of Oklahoma has failed, refused, and neglected to exercise their rights pursuant to the Uniform Criminal Extradition Act and that any alleged arrest warrant from the State of Oklahoma will not honored by any law enforcement agency in the State of Kansas for the reason that the State of Oklahoma has abdicated their rights by failing to act appropriately."
The district court denied the petition, finding that because Brewer had been released on bond he was not in custody as was necessary for this habeas petition. The district court also reasoned that Brewer had no remedy in Kansas, but he was free to return to Oklahoma to challenge his arrest warrant there.
Brewer timely appeals, raising several constitutional claims and arguing that the district court erred in denying his application for writ of habeas corpus.
Procedural Errors
We first address the procedural matters raised by the State. We note the State's assertion that the Kansas Supreme Court has dismissed two writs Brewer had filed based on similar allegations and facts. But those dismissals were summary, did not state their reasons, and could have been based on procedural errors. The State has shown no reason why the Supreme Court's dismissal of Brewer's previous writs warrants our dismissal of Brewer's appeal.
We agree, however, that many of Brewer's arguments violate Rule 6.02(a)(4) (2019 Kan. S. Ct. R. 34) by not citing any record supporting his factual assertions. A pro se litigant in a civil case must follow the same rules of procedure which are binding upon a litigant represented by counsel. In re Estate of Broderick , 34 Kan. App. 2d 695, 701, 125 P.3d 564 (2005). Under Rule 6.02(a)(4), we presume that a factual contention is not supported by the record when a party fails to cite to the record. Most of Brewer's assertions lack any citation to the record.
And the record itself is scant. It does not reveal crucial facts, including:
• What crime Brewer was convicted of in Oklahoma that caused the Oklahoma warrant for Brewer's arrest;
• whether Brewer's Oklahoma crime was a felony or a misdemeanor;
• whether the Governor of Oklahoma filed a demand for Brewer's extradition;
• whether Brewer was previously arrested in Kansas on the Oklahoma fugitive warrant;
• whether Oklahoma authorities were notified of Brewer's arrest in Kansas;
• whether Oklahoma declined to initiate extradition proceedings;
• whether Brewer waived extradition proceedings; and
• whether the Kansas governor issued a warrant for Brewer's arrest instructing Kansas officials to bring Brewer before a Kansas court and, if directed by that court, to extradite him to Oklahoma.
Those facts would normally be established in an extradition proceeding to lay the foundation for an extradition prisoner's habeas petition in the asylum state. See generally K.S.A. 22-2701 et seq. Yet Brewer failed to include evidence of any of those facts in the record on appeal. As the party claiming error, he has the burden to designate a record that shows prejudicial error. Without a record showing error, we presume the action of the trial court was proper. State v. Sisson , 302 Kan. 123, 128, 351 P.3d 1235 (2015).
Brewer also failed to raise before the district court most of the issues he raises on appeal. Our general rule requires a party to raise an issue to the district court before raising it on appeal. See State v. Daniel , 307 Kan. 428, 430, 410 P.3d 877 (2018). So Brewer cannot raise such issues now unless he meets an exception to that rule. State v. Phillips , 299 Kan. 479, 493, 325 P.3d 1095 (2014). But Brewer does not argue that any exception applies. We thus enforce Supreme Court Rule 6.02(a)(5) and decline to reach the merits of Brewer's unpreserved claims. See State v. Godfrey , 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).
Brewer did, however, raise one issue before the district court and on appeal-his claim that the district court erred in not granting him a hearing on his habeas corpus petition. As to this issue, the material facts are few and are not in controversy. We thus reach the merits of that claim.
Did the District Court Err in Summarily Denying Brewer's Application for Writ of Habeas Corpus?
The district court summarily dismissed Brewer's petition because it found Brewer was not in custody for purposes of a K.S.A. 2018 Supp. 60-1501 petition. We exercise unlimited review of a summary dismissal of a 60-1501 petition and of the district court's conclusions of law. Johnson v. State , 289 Kan. 642, 649, 215 P.3d 575 (2009) ; Rice v. State , 278 Kan. 309, 320, 95 P.3d 994 (2004).
Under our general habeas corpus statute, K.S.A. 2018 Supp. 60-1501(a), "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever ... may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place." K.S.A. 2018 Supp. 60-1501(b) states the time frame in which "an inmate in the custody of the secretary of corrections" must petition for writ under subsection (a). The district court denied Brewer's writ because it found he was not an inmate "in custody" as this statute requires.
But our precedent holds that a person released on bond is in custody for purposes of filing a K.S.A. 2018 Supp. 60-1501 writ of habeas corpus.
"The writ of habeas corpus provides a mechanism under which a criminal defendant can seek relief from confinement under an erroneous bond, or even relief while released on bail. See K.S.A. 1997 Supp. 60-1501, the statutory habeas corpus proceeding; see also In re Habeas Corpus Petition of Mason, 245 Kan. 111, 115, 775 P.2d 179 (1989) ('A defendant who has been released on bond nevertheless remains in custody for purposes of a writ of habeas corpus'; writ of habeas corpus raising double jeopardy issue following mistrial granted and defendant discharged.)." Smith v. State , 264 Kan. 348, 356, 955 P.2d 1293 (1998).
We stated the reason for that rule in Henderson v. Schenk , 6 Kan. App. 2d 562, 562-63, 631 P.2d 246 (1981) :
"Although a defendant is apparently at liberty when on bond, he may still be considered in custody for the purposes of obtaining a writ of habeas corpus. Hensley v. Municipal Court , 411 U.S. 345, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973). See also In re Berkowitz , 3 Kan.App.2d 726, 727, n.1, 602 P.2d 99 (1979), and cases cited therein. This is true because even while on bond, a defendant is subject to supervision of the court and to conditions which restrain his liberty." 6 Kan. App. 2d at 562-63.
Even though Brewer was on bond, he was subject to supervision of the court and to conditions which restrain his liberty. He was thus in custody under K.S.A. 2018 Supp. 60-1501, so the district court erred in finding to the contrary.
Kansas decisions on this issue differ from the Ohio decisions on which the district court relied. See Elmer v. Kohl , 2000 WL 84379 (Ohio Ct. App. 2000) (unpublished opinion) (finding that the accused must presently be in custody to challenge extradition through a habeas corpus petition; relying on cases holding that a petitioner who is no longer physically confined in jail or prison no longer has standing to bring an action in habeas corpus); Ali v. State , 2000 WL 522504, at *3 (Ohio Ct. App. 2000) (unpublished opinion) (same). Under Kansas law, the fact that Brewer was released on bond when he filed his habeas corpus petition did not deprive the district court of jurisdiction to hear Brewer's petition or deprive Brewer of his remedy under K.S.A. 2018 Supp. 60-1501.
But Brewer's petition rests on K.S.A. 22-2710 and the Uniform Criminal Extradition Act. As the district court noted, K.S.A. 22-2710 is not as broad as K.S.A. 2018 Supp. 60-1501 -it does not cover circumstances in which a person is "detained, confined or restrained of liberty on any pretense whatsoever." Instead, K.S.A. 22-2710 is limited to a "prisoner" "in custody":
"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting attorney of the county in which the arrest is made and in which the accused is in custody , and it shall be the duty of the prosecuting attorney to notify said agent of the demanding state." (Emphases added.) K.S.A. 22-2710.
Even so, we believe our Supreme Court would interpret the "in custody" requirement of this statute consistently with its broad interpretation of "custody" in K.S.A. 2018 Supp. 60-1501. See Smith , 264 Kan. at 356 ; Schenk , 6 Kan. App. 2d at 562-63. We see no reason why an accused released on bond would be in custody for purposes of petitioning for a writ of habeas corpus, generally, but would not be in custody for purposes of petitioning for a writ of habeas corpus under our extradition statutes. The district court thus erred in summarily dismissing Brewer's petition based on its finding that he was not in custody.
Did the District Court Err in Finding Brewer's Writ of Habeas Corpus Moot?
The district court also found that it could not provide Brewer with a remedy because it had released Brewer from jail on an own recognizance bond. The district court acted within its discretion by releasing Brewer from jail, if we assume that Brewer's Oklahoma crime is not punishable by death or life imprisonment, and that he was awaiting extradition. See K.S.A. 22-2716. But the district court appears to have dismissed Brewer's writ of habeas corpus as moot because it had released Brewer from jail and believed it could do no more. Because mootness is a doctrine of court policy, our review of this issue is unlimited. State v. Hilton , 295 Kan. 845, 849, 286 P.3d 871 (2012).
The mootness doctrine recognizes that the role of the court is to determine real controversies about the legal rights of persons involved in the case before it and to adjudicate those rights in an operative, final, and conclusive manner. Hilton , 295 Kan. at 849. If it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights, then the matter is moot. Mundy v. State , 307 Kan. 280, 288-89, 408 P.3d 965 (2018).
If, however, Brewer is correct that he has been illegally detained in interstate extradition proceedings, then the law provides a remedy for that beyond merely releasing him from jail on bond. See K.S.A. 22-2710 ; K.S.A. 2018 Supp. 60-1501. Our statutes permit the judge to commit a fugitive to custody for 30 days, then recommit the fugitive one time for a period not to exceed 60 days, while awaiting a governor's warrant. But it does not permit two or more successive recommitments even if the aggregate time does not exceed 60 days. See K.S.A. 22-2717 (stating: "If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty days , or a judge or magistrate may again take bail for his appearance and surrender, as provided in section 22-2716, but within a period not to exceed sixty days after the date of such new bond." [Emphases added.] ). Under the plain language of these statutes, there is no authority to hold a defendant on a fugitive warrant for a period that exceeds 90 days. By filing this petition, Brewer sought the relief of immediate release from custody. That relief is not mooted by his release on bond.
Reversed and remanded for further proceedings.