NOT DESIGNATED FOR PUBLICATION

No. 124,944

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW E. ASTORGA,
*Appellant*,

v.

LEAVENWORTH COUNTY SHERIFF,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed
November 10, 2022. Appeal dismissed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Mollie R. Hill*, general counsel, Leavenworth County Sheriff's Office, for appellee.


Before SCHROEDER, P.J., MALONE, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Matthew Astorga was convicted of premeditated first-degree murder
and sentenced to a hard 50. On appeal, the United States Supreme Court vacated the
sentence and remanded to the Kansas Supreme Court to reconsider the sentence in light
of new United States Supreme Court precedent. On remand, the Kansas Supreme Court
vacated the sentence and remanded for resentencing.

During the appeal process, Astorga was transferred from the Kansas Department
of Corrections (KDOC) to the Leavenworth County Jail (Leavenworth). In November
2018, he filed a K.S.A. 60-1501 petition challenging various conditions of his
confinement in Leavenworth. Astorga appealed the district court's denial of his petition,

1

and our court remanded the case to the district court with directions to conduct a liberty interest analysis in accord with *Wilkinson v. Austin*, 545 U.S. 209, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005); *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); and *Jamerson v. Heimgartner*, 304 Kan. 678, 372 P.3d 1236 (2016). *Astorga v. Leavenworth County Sheriff*, No. 122,387, 2020 WL 6533282 (Kan. App. 2020) (unpublished opinion). Consequently, Astorga was provided a second evidentiary hearing in March 2021. Applying *Sandin*, *Wilkinson*, and *Jamerson* as directed by our court, the district court again denied Astorga's petition.

Astorga appeals, arguing that the district court erred in its finding that Astorga's conditions in Leavenworth did not violate the Constitution. But at some point after his second evidentiary hearing, Astorga was resentenced on his first-degree murder conviction and transferred back to the KDOC. Because Astorga is no longer confined in Leavenworth, we find his claim is moot and dismiss his appeal.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Astorga of premeditated first-degree murder following the shooting death of Ruben Rodriguez. The district court sentenced Astorga to a hard 50, and the Kansas Supreme Court affirmed his conviction and sentence. *State v. Astorga*, 295 Kan. 339, 340, 284 P.3d 279 (2012). Astorga appealed to the United States Supreme Court, which vacated the judgment and remanded Astorga's case to the Kansas Supreme Court for reconsideration in light of *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). *Astorga v. Kansas*, 570 U.S. 913, 133 S. Ct. 2877, 186 L. Ed. 2d 902 (2013). On remand, the Kansas Supreme Court held that Astorga's hard 50 sentence violated the Sixth Amendment to the United States Constitution, vacated the sentence, and remanded to the district court for resentencing. *State v. Astorga*, 299 Kan. 395, 396, 324 P.3d 1046 (2014).

2

Astorga was transferred to Leavenworth in August 2018. *Astorga*, 2020 WL 6533282, at *1. Around four months later, in November 2018, Astorga filed a K.S.A. 60-1501 petition that challenged his conditions of confinement at Leavenworth. The petition alleged that Astorga was not receiving medication, he was being held in solitary confinement for no reason, he could only leave his cell for one hour per day, his legal mail had been opened outside his presence, he was previously kept in a cell without a light, he was not allowed to use cleaning supplies in his cell, he was not allowed access to the canteen, he was not allowed to participate in electronic visits with his family, he could only use the law library between midnight and 5 a.m., he was told by prison staff he was going to pay for everything he had done in the past, he was not allowed to wear two religious medallions or have a Catholic Bible, and he was not allowed to have personal property including a radio, coffee, and art supplies.

The district court appointed counsel and conducted an evidentiary hearing, and ultimately denied Astorga's petition. Astorga appealed to this court, arguing that the district court erred in failing to find that his prolonged time in administrative segregation, also referred to as "max custody," violated his constitutional rights. *Astorga*, 2020 WL 6533282, at *3. This court remanded the case to the district court because the district court's initial analysis of Astorga's liberty interest claims failed to apply the "developed legal structure" found in *Wilkinson*, *Sandin*, and *Jamerson*. *Astorga*, 2020 WL 6533282, at *3-6, 14. This court explained that when facts were not sufficiently developed for a *Sandin* analysis, the appropriate remedy was a remand. *Astorga*, 2020 WL 6533282, at *6 (citing *Jamerson*, 304 Kan. at 686). On remand, the district court was tasked with determining "whether Astorga's confinement imposes an atypical and significant hardship on him in relation to the normal incidents of jail life." 2020 WL 6533282, at *7.

Following the testimony on remand, the district court took the matter under advisement and issued its ruling on November 24, 2021. The district court's order summarized the witness testimony and included an analysis of Astorga's confinement

based on *Sandin*, *Wilkinson*, and *Jamerson*. In summary, the district court found that "[Astorga] is in segregation but other than having no cell mate his conditions are quite similar to those of inmates in the general population." Finding no constitutional infirmity, the district court denied Astorga's K.S.A. 60-1501 petition.

Astorga timely appeals to this court.

ANALYSIS

I.      *Is Astorga's appeal moot?*

On appeal, the State argues that Astorga's appeal is moot because he has been transferred from Leavenworth back to the KDOC after being resentenced to a hard 50. Therefore, the State argues, Astorga is no longer being held in the challenged conditions. Astorga replies that the issue is not moot because the challenge to his confinement "is a repeatable problem of statewide consequence and public importance."

*Standard of Review*

This court has unlimited review over whether an issue is moot. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020).

*Analysis*

Generally speaking, "Kansas appellate courts do not decide moot questions or render advisory opinions." *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). "A case is moot when a court determines that '"it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights."'" *Roat*,

311 Kan. at 584 (quoting *Montgomery*, 295 Kan. at 840-41). The court must conclude that the requested relief would not affect any of the appellant's rights, and "[t]he range of collateral interests that may preserve an appeal is wide." *Roat*, 311 Kan. at 594. Accordingly, dismissing a case as moot "must be exercised with caution and only upon due consideration of the wide variety of interests a party asserts." 311 Kan. at 591.

The mootness doctrine emanates from the case or controversy requirement. *Burch v. Howard*, 57 Kan. App. 2d 860, 867, 461 P.3d 840 (citing *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 [2008]), *rev. denied* 311 Kan. 1045 (2020). It is a prudential rather than jurisdictional doctrine, and therefore this court may reach a moot question if an exception is met. *Roat*, 311 Kan. at 590. One exception is "for cases that are otherwise moot but that raise issues that are capable of repetition and present concerns of public importance." 311 Kan. at 590.

Two Kansas cases lend support to the State's contention that Astorga's claim is moot. First, in *Shanks v. Nelson*, 258 Kan. 688, 689, 907 P.2d 882 (1995), the district court denied Thomas Shanks' K.S.A. 60-1501 petition challenging the conditions of his administrative segregation at the El Dorado Correctional Facility. Our court affirmed there was not a constitutional violation, and the Kansas Supreme Court granted review. Through oral argument and subsequent filings, the Supreme Court learned that Shanks had been transferred from administrative segregation in Kansas to conditional release in Texas. The State argued the appeal was moot, and the Kansas Supreme Court agreed. The court noted that Shanks was in another state and that if he returned to Kansas, he would not be placed in administrative segregation. 258 Kan. at 692-93. Second, in *Kelly v. Cline*, 124,210, 2022 WL 2112625, at *1 (Kan. App. 2022) (unpublished opinion), this court held that a K.S.A. 60-1501 petition that challenged the conditions of Kelly's administrative segregation in El Dorado Correctional Facility was moot after Kelly was moved to general population in the Hutchinson Correctional Facility.

Both *Shanks* and *Kelly* found that an opinion by the court would not affect the legal relationship between the petitioner and the KDOC. The same is true here. The parties agree that Astorga is no longer in Leavenworth—he is serving his sentence in the KDOC. An opinion concerning Astorga's former incarceration conditions in Leavenworth would have no effect on the legal relationship between Astorga and Leavenworth, or the KDOC. As in *Shanks*, "[t]he actual controversy generating this case has ceased to exist, and any judgment entered would have no effect on the parties and would be an idle act insofar as rights involved in the action concerned." *Shanks*, 258 Kan. at 693. See also *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) ("Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief."); *Marrie v. Nickels*, 70 F. Supp. 2d 1252, 1259 (D. Kan. 1999) ("Generally, an inmate's transfer to another prison or release moots his request for declaratory or injunctive relief.").

Astorga argues that the appeal is not moot because, if he succeeds on his appeal, he could be returned to Leavenworth for additional proceedings, and upon being returned could be once again subjected to the same conditions that he is challenging. Decisions in the Tenth Circuit have rejected similar arguments unless it can be shown that it is reasonable to believe that the individual will return to the challenged conditions. See *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (explaining the "capable of repetition yet evading review" exception to mootness requires that "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again"). At its core, Astorga's argument is speculative. It is based on the possibility that the Supreme Court will again remand his case, and he therefore could be returned to Leavenworth and might be subjected to the same conditions of incarceration should that occur. We find no reasonable expectation or likelihood that events will occur in accordance with Astorga's speculation. *Sosa*, 654 F.3d at 1032 ("It should go without saying that we are disinclined to opine on important constitutional issues based upon the

6

speculative suggestion that a plaintiff might be returned to a setting where he would be subject to allegedly unconstitutional practices.").

Astorga contends that even if this court finds the claims are moot, this court should reach the merits because his case meets the "capable of repetition and raises concerns of public importance" exception to the mootness doctrine. And Astorga argues that "the constitutional limits on administrative segregation applicable to county jail inmates in Kansas" is a matter of public importance.

A case is capable of repetition "when it is highly unlikely that anyone in the appellant's circumstance could have obtained relief on appeal before the issue became moot." *State v. Nicolaides*, No. 114,239, 2016 WL 3856612, at \*2 (Kan. App. 2016) (unpublished opinion); see also *State v. Hilton*, 295 Kan. 845, 851, 286 P.3d 871 (2012) (noting an issue had a likelihood of repetition when "it would have been highly unlikely that anyone in that circumstance could have obtained relief on appeal for any error in the revocation proceedings before the issue became moot"); *State v. Kurtz*, 51 Kan. App. 2d 50, 53, 340 P.3d 509 (2014) ("As in *Hilton*, no one sentenced to a 60-day jail sentence would likely obtain relief from that sentence before it was served. . . . The issue is therefore subject to repetition."). Cases may be capable of repetition if the claims would affect numerous individuals in Kansas. *In re A.G.*, No. 114,297, 2016 WL 1616790, at \*7 (Kan. App. 2016) (unpublished opinion) ("These statistics indicate that A.G.'s living situation was not an isolated occurrence but is common among children in the state. The prevalence of these similar types of living situations makes the matter before us one capable and likely of repetition."). Here, Astorga's claim is unique and factually specific, and there is no evidence his claims are shared in common with others at Leavenworth and escaping review. And we do not find the claim to be one of sufficient public importance to fall within the exception to mootness.

"Public importance means more than that certain members of the general public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct." An issue of public importance must do more than affect the individual rights of the party. *State v. Gilliland*, 60 Kan. App. 2d 161, 176, 490 P.3d 66 (citing *State v. Hayden*, 52 Kan. App. 2d 202, 206, 364 P.3d 962 [2015]), *rev. denied* 314 Kan. 856 (2021). Kansas courts have found that claims with unique fact patterns are not matters of public importance. See *State v. Parrish*, No. 123,891, 2022 WL 3135318, at *3 (Kan. App. 2022) (unpublished opinion) ("In other words, the mandate was tailored to Parrish's case and would provide extremely limited—if any—meaningful guidance to other courts and litigants."), *petition for rev. filed* September 2, 2022; *Kelly*, 2022 WL 2112625, at *2 ("Nevertheless, as we have indicated, Kelly's underlying dispute with the Kansas Department of Corrections is heavily dependent on the particular facts related to his placement in administrative segregation. We see no overarching issue of great public importance that would be resolved here."); *State v. Nicolaides*, No. 114,239, 2016 WL 3856612, at *3 (Kan. App. 2016) (unpublished opinion) (finding a case not a matter of public importance because the appellant "does not contend that her case is factually typical, and the briefs reveal that it is not").

Astorga's primary complaint centers on his long-term placement in administrative segregation and consequent limitations on his privileges while being held in Leavenworth. Although he was in segregation, the evidence showed Astorga had more privileges than other segregation prisoners, and his level of privilege increased over the course of his incarceration. Astorga acknowledges he "was a sort of hybrid segregation inmate." Thus, his circumstances were unique and not shared by other prisoners. Given the particular and unique facts of Astorga's confinement, we find Astorga's claim is not a matter of public importance. See *State v. Dominguez*, No. 123,985, 2022 WL 628138, at *3 (Kan. App. 2022) (unpublished opinion) ("Even assuming she is correct and the sentencing issue is ripe for repetition, it is not a matter of public importance because it

does not involve a statewide interest that public policy dictates this court must address."). It cannot be said that Astorga could not have obtained relief on appeal prior to the issue being moot, as indicated by this court's previous opinion. Had the district court appropriately analyzed Astorga's confinement through a *Sandin* lens, then Astorga's lengthy confinement would not have escaped review and Astorga could have potentially obtained relief.

Finally, Astorga also suggests that defining the "baseline comparator" is an important public interest. A threshold question of any *Sandin* analysis is the appropriate baseline comparator in which the court compares the inmate's conditions of confinement with others in the same facility. Astorga argues that the district court applied the wrong baseline comparator when it primarily compared Astorga's conditions to those of an inmate in segregation rather than by comparing his conditions to an inmate in the jail's general population. The *Wilkinson* Court avoided this issue by noting that, regardless of the appropriate baseline, the challenged conditions were atypical. 545 U.S. at 223. However, the Circuit Courts have come to differing conclusions on the issue. As one commentator explained:

> "Not surprisingly, the circuit courts disagree about the appropriate baseline from which to apply the *Sandin* standard: the Fourth and Ninth Circuits consider general prison conditions; the Sixth Circuit focuses on 'typical segregation conditions;' the Seventh Circuit looks at prison conditions throughout the state; the Second, Third, and D.C. Circuits look to administrative segregation conditions; and the Fifth Circuit assesses only whether segregation placement will lengthen the prisoner's sentence." Comment, *Toward a Standard of Meaningful Review: Examining the Actual Protections Afforded to Prisoners in Long-Term Solitary Confinement*, 163 U. Pa. L. Rev. 1159, 1173-74 (2015).

This court noted that Kansas courts have not ruled on the proper *Sandin* baseline. *Astorga*, 2020 WL 6533282, at *7. It further noted that the analysis was complicated by the fact that Astorga's claim involves conditions in a jail, rather than a prison. 2020 WL

6533282, at *7. Ultimately, the district court compared Astorga's conditions to those inmates in segregation and those in the general population. It found Astorga had more freedom than other inmates in segregation but fewer privileges than those in the general population.

Though we agree that defining a baseline comparator could be useful in future cases involving incarceration in county jails, Astorga's conditions of confinement were unique and individualized, and any decision made by this court would ultimately not affect Astorga. See *State v. Bowman*, No. 122,799, 2021 WL 3239871, at *4 (Kan. App. 2021) (unpublished opinion) ("As we have indicated, mootness is a prudential doctrine whereby courts decline consideration of cases when they can provide no meaningful relief."), *rev. denied* 314 Kan. 856 (2022).

In sum, Astorga inappropriately relies on speculative arguments to resuscitate a potential future case or controversy, and the unique circumstances of this case do not meet the exception of being an issue of public importance that is capable of repetition. Accordingly, we dismiss the appeal as moot.

Appeal dismissed.